WALDEMAR KNOLL, Doing Business as KNOLL CONTRACTING, Respondent, v. CAPE COD SEA FOOD RESTAURANT, LTD., Appellant.—

Christ, P. J., Hopkins, Munder and Benjamin, JJ., concur; Rabin, J., dissents and votes to affirm the judgment, with the following memorandum: In my opinion, the majority view would be dispositive of this case if, in fact, plaintiff had either an ostensible or actual contract right. At bar, the prior suit determined that plaintiff had no right to prevail upon the contract between the parties. Under those circumstances, plaintiff properly initiated the present action, it being an established rule that a plaintiff may resort to *quantum meruit* even after an unsuccessful suit in contract (*Potter v. Emerol Mfg. Co.*, 275 App. Div. 265, 268). Where an express contract is unenforceable, a party to the agreement may be entitled to reasonable compensation for services actually rendered by him (*Elsfelder v. Cournand*, 270 App. Div. 162, 165). Moreover, in addition, defendant pleaded no offsets to plaintiff's claim in its answer and relied solely on the single affirmative defense that the dismissal of plaintiff's cause of action in contract, in the prior suit, was *res judicata* in this action for *quantum meruit* — a position for which there is no foundation in the law.