■ THOMAS L. CARVATT, Respondent, v DAVID LIPPNER et al., Appellants. — In an action, *inter alia*, to recover damages for breach of a consulting agreement, defendants appeal (1) from so much of an order of the Supreme Court, Westchester County (Walsh, J.), dated December 20, 1979, as denied defendants' motion to dismiss the complaint, and (2) from a judgment of the same court, entered December 27, 1979, which, after a jury trial, was in favor of the plaintiff in the principal sum of $25,000, and dismissed defendants' counterclaims. Appeal from the order dismissed (see *Matter of Aho*, 39 NY2d 241, 248). Judgment reversed, on the law, and new trial granted on all issues, with costs to abide the event, except that the action as against defendant Syart Trading Corporation is severed and the complaint as against it is dismissed. Plaintiff was hired by defendant Feuer Transportation, Inc., as an unpaid consultant to manage the company for one year in consideration for a one-year irrevocable option to purchase the company at a discounted price. The agreement provided that plaintiff would render such service and devote such time to Feuer as he believed was necessary. Plaintiff had the right to exercise the option to purchase Feuer "at any time within one year from the date of" the agreement. Four months after plaintiff was hired, he was discharged from Feuer by defendant Grace Lippner. Plaintiff never exercised his option to purchase the company. Instead, he brought the instant action seeking to recover, *inter alia*, for breach of contract or for services rendered. At the conclusion of the trial, the jury found that plaintiff had been wrongfully discharged and awarded him $500,000 in damages for his services. Plaintiff stipulated to a reduction of damages to $25,000 after defendants' motion, *inter alia*, for a new trial was conditionally granted. A new trial is required because of the trial court's erroneous answer to a question from the jury. The case was submitted to the jury on two questions: (1) was plaintiff wrongfully discharged and, if so, (2) what was the value of his services to the defendant? The theory of recovery, as presented to the jury, was *quantum meruit*. Submission of the case to the jury on this theory was proper. An employee who is wrongfully discharged may treat the contract as continuing and sue for damages for the breach, or may rescind the contract and sue for the value of his services actually rendered (see *Howard v Daly*, 61 NY 362; *Wegman v Dairylea Coop.*, 50 AD2d 108, 112; *Paterno & Sons v Town of New Windsor*, 43 AD2d 863). At bar, such relief was sought in the alternative (see CPLR 3017, subd [a]). A *quantum meruit* recovery is proper where the defendant wrongfully has prevented the plaintiff's performance of a written agreement (cf. *Knoll v Cape Cod Sea Food Rest.*, 35 AD2d 976, affd 35 NY2d 917; *Abinet v Mediavilla*, 5 AD2d 679). Under such circumstances, the agreement is effectively terminated by the wrongful act of the defendant, thereby entitling plaintiff to damages equal to the reasonable value of the services rendered *(id.;* see, also, *Matter of Montgomery*, 272 NY 323, 327). Although the instant plaintiff, in the agreement, specifically waived "any right to compensation" for his services, a finding by the jury that the defendants wrongfully terminated his employment (thereby preventing his

performance of the contract) would permit a recovery in *quantum meruit* (see *Seymore v Reader's Digest Assn.*, 493 F Supp 257; see, also, *Knoll v Cape Cod Sea Food Rest., supra; Abinet v Mediavilla, supra*). During its deliberations, the jury asked the trial court the following question: "Legally, could Carvatt pick up his option after he had been locked out?" The court did not answer the inquiry and, instead, instructed the jury that the question was one of law and fact and that it was for them to determine the answer. Defendants argue, and we agree, that the instruction was erroneous and that, at a minimum, the trial court's response to the jury's question should have been "yes". The agreement clearly declares that plaintiff has the right to exercise his option to purchase Feuer "at any time within one year from the date of this letter agreement." His obligation to render his services as a consultant to Feuer, in consideration for the option, was "for a period of one year or until such time as you exercise the option". While it is therefore apparent that plaintiff could have picked up his option "after he had been locked out", he would have had to do so without the benefit of the full span of the year accorded him under the contract to develop the business and evaluate the desirability of purchasing it. The failure of the trial court to instruct the jury properly in response to the mentioned question may have led the jurors to conclude erroneously that plaintiff could not have legally exercised his option once he was discharged and that the discharge was wrongful for that reason. In addition, the jury may erroneously have determined the damages based upon the value of the option, in furtherance of the above rationale. The questions for the jury were whether the discharge was wrongful based on plaintiff's performance for Feuer and what was the value of his services to the defendants; whether the option was terminated by the discharge was not an issue for their consideration. It may well be that the verdict on the issue of wrongful discharge was based upon the trial court's erroneous instruction. Therefore, a new trial is required. We also note that since plaintiff was not required to perform any services for defendant Syart Trading Corporation, the action against Syart must be dismissed. Hopkins, J. P., Lazer, Gibbons and Cohalan, JJ., concur.