■ JOHN SARRIS, Respondent, v ROGER W. KUHN et al., Appellants. — Harvey, J. Appeal from a judgment of the County Court of Fulton County in favor of plaintiff, entered August 13, 1984, upon a decision of the court at Trial Term (Lomanto, J.), without a jury.

Plaintiff was employed by defendants as a licensed real estate salesman in their real estate agency in the City of Johnstown, Fulton County. Nothing in the record would indicate that plaintiff spent much of his time and efforts in this employment or that he had enjoyed success to any significant extent. There was no written contract of employment. The terms of the oral employment contract constitute the pivotal issue in this case. The evidence introduced at trial, considered in the light most favorable to plaintiff, was that he was responsible for the decision on the part of Luke R. Corbett to engage defendants to sell certain business property which Corbett owned in Johnstown. The property was sold for $75,000 and Corbett agreed to pay the agency $4,000 for its brokerage commission. Contrary to the statements made on behalf of plaintiff, a careful review of the testimony conclusively establishes a clear admission by plaintiff that he did not produce a buyer. The extent of his efforts was to bring the seller into defendants' office. The entire negotiation was carried on by defendant Roger W. Kuhn and the real estate commissions were agreed upon after negotiation between Kuhn and the seller.

The crux of plaintiff's claim is contained in the following paragraph of the complaint: "3. That at all times hereinafter mentioned and prior to July 29, 1977, the defendant employed the plaintiff as a real estate salesman to sell real estate for the defendants and agreed to pay the plaintiff for his services, fifty per cent (50%) of the commissions the defendants received as a result of real estate sales consummated through the plaintiff's efforts as a real estate salesman." By their answer, defendants admitted that allegation.

At trial, Kuhn testified as to the terms of his agency's oral employment agreement with plaintiff. Specifically, plaintiff was to receive 10% of any commissions resulting from a listing brought about by plaintiff. In the event that plaintiff was responsible for bringing about the actual sale, plaintiff was to receive 50% of the commissions.

Trial Term found for plaintiff and awarded him 50% of the commission paid defendants. The court interpreted the allegations of paragraph 3 of the complaint, particularly the phrase "consummated through the plaintiff's efforts", to mean that the salesman would be entitled to a 50% share of the commission if he procured the listing of the property for sale. We must disagree.

Although the employment contract was not in writing, the terms thereof were formalized by the pleadings in a completely unambiguous manner. Nothing in the allegation made any reference to property listings. The plain language of the allegation was that plaintiff was employed to *sell* real estate. The percentage was to be applied to commissions received as a result of real estate *sales* consummated through plaintiff's efforts as a real estate *salesman*. "[W]e are required to adjudicate their rights according to the unambiguous terms of the contract and therefore must give the words and phrases employed their plain meaning" (*Laba v Carey,* 29 NY2d 302, 308, citing *Levine v Shell Oil Co.,* 28 NY2d 205, 211).

Trial Term found as fact that plaintiff was responsible for bringing the seller to the agency, and we find that such a determination is well supported by the evidence. It was unnecessary to bring about a written listing. Based upon our interpretation of the contract and our adoption of Trial Term's determination of the facts, we would deny plaintiff recovery of 50% of the commission received by defendants and grant him recovery of 10% of the commission, less the $100 previously paid by defendants.

Judgment modified, on the law, by decreasing plaintiff's award to $300, with appropriate interest thereon, and, as so modified, affirmed, without costs. Main, Yesawich, Jr., and Harvey, JJ., concur; Kane, J. P., and Mikoll, J., dissent and vote to affirm upon the opinion of Judge Angelo D. Lomanto at Trial Term.