JOSEPH STERNBERG, INC., Appellant, v WALBER 36TH STREET ASSOCIATES et al., Respondents. (And a Third-Party Action.)

First Department, February 25, 1993

## APPEARANCES OF COUNSEL

*Richard G. Menaker* of counsel *(Menaker & Herrmann,* and *Curtis, Mallet-Prevost, Colt & Mosle,* attorneys), for appellant.

*Robert L. Beerman* of counsel *(Carol M. Sanginario* with him on the brief; *Beerman & Wadler,* attorneys), for respondents.

## OPINION OF THE COURT

KUPFERMAN, J.

Plaintiff, a licensed real estate brokerage, had a long-standing relationship with third-party defendant Leon H. Charney, a sophisticated real estate investor who had previously purchased buildings brokered by plaintiff. When plaintiff discovered that a commercial office building located at 11 East 36th Street was for sale, Joseph Sternberg, plaintiff's eponymous principal, investigated the feasibility of a purchase of the building on Charney's behalf, concluding that $11.5 million was a reasonable price. According to plaintiff's principal, he succeeded in negotiating an agreement whereby Charney would purchase the premises for $11.5 million with his $450,000 commission to be paid by the owner of the premises, defendant Walber 36th Street Associates.

In a letter agreement dated December 4, 1984, plaintiff and Walter & Samuels, Inc., the owner's managing agent, by its president defendant David I. Berley who was also a general partner of the owner, agreed that plaintiff was presently negotiating on a nonexclusive basis for the sale of the building and that should it effect such sale for a price of no less than $11.5 million, its commission would be $450,000 payable on closing.

It is plaintiff's contention that although it performed all necessary steps to effectuate a sale of the premises, it relied upon Charney to negotiate the ultimate terms of sale as this was Charney's preferred way of doing business.

As Mr. Sternberg testified at trial, he was excluded from further negotiations by Charney to his detriment in that the

transaction ultimately closed at a reduced purchase price of $10.6 million with plaintiff being paid no commission whatsoever. Instead, brokerage commissions totalling $482,500 were paid, with $295,000 going to Walter & Samuels, Inc. and $187,500 to Lawland Corp., which is owned by defendant Lawrence Friedland, who is also a general partner of the owner.

Plaintiff brought this action alleging three causes of action based upon breach of contract, quantum meruit and fraud. The cause of action for fraud was dismissed by the court at the beginning of the trial since such claim was merely the alleged failure to pay the agreed commission. After plaintiff's principal and its expert witness testified, the court granted the renewed motions to dismiss the remaining causes.

The court found the agreement unambiguous and dismissed the cause of action for breach of contract against defendant Walber 36th Street Associates inasmuch as the sale price of the building was less than $11.5 million, the court construing the agreement as meaning that plaintiff was entitled to a commission only if the sale closed at $11.5 million. It then dismissed the quantum meruit claim against the other defendants finding that plaintiff had made an election of remedies and could not proceed on both theories, citing *Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.* (70 NY2d 382) and *Julien J. Studley, Inc. v New York News* (70 NY2d 628). Finally, it reluctantly denied plaintiff's motion to amend its pleadings to proceed against all defendants on a theory of "procuring broker doctrine", finding that this was simply a means to recast plaintiff's contract claim under another guise and that any change of theory at that stage of the trial would be prejudicial to defendants.

The trial court erred in holding that the contract barred recovery of a commission on a theory of quantum meruit and that plaintiff was required to elect its remedy.

Unlike *Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.* (70 NY2d 382, 388-389, *supra),* where plaintiff's cause of action sounding in quasi contract was dismissed inasmuch as there was a written contract fully detailing all applicable terms and conditions of the agreement between the parties, the contract at issue here is silent as to plaintiff's entitlement to a commission in the event a sale of the building occurred for a lesser price. Moreover, that case does not hold that a claim in contract and one in quasi contract are mutually exclusive in

all events and under all circumstances. Indeed, this has never been the law in New York.

In *Smith v Kirkpatrick* (305 NY 66, 73, *rearg denied* 305 NY 926, *overruled, in`part, on other grounds O'Brien v City of Syracuse,* 54 NY2d 353, 358), the Court, finding that an action for breach of contract and one seeking recovery based upon quantum meruit both assume that a contractual relationship existed between the parties and that the defendant had benefitted at plaintiff's expense, stated, in pertinent part: "In this State where a litigant fails to establish the right to recover upon an express contract he may, in the same action, recover in *quantum meruit.* [Citations omitted.] If warranted by the pleadings and proof, the case may be submitted to a jury on both theories and an election need not be made. [Citations omitted.]" *(See also, Byrne v Gillies Co.,* 144 App Div 677; *Walar v Rechnitz,* 126 App Div 424.)

Thus, it appears that where there is a bona fide dispute as to the existence of a contract or where the contract does not cover the dispute in issue, plaintiff may proceed upon a theory of quantum meruit and will not be required to elect his or her remedies.

Obviously, if the brokerage agreement at issue had explicitly stated that, in the event the sale did not proceed at the agreed price, plaintiff would not be entitled to any commission, it would be indisputable that nothing short of a sale at that price would entitle plaintiff to a commission. The contract, however, does not so state and is silent as to the plaintiff's entitlement to a commission in the event a sale occurred for a lesser price.

It might be observed that it is often the case that a property will be listed for sale with a broker at a certain price but nevertheless is ultimately sold at a lesser price than the listing price with the broker receiving his or her commission, the seller having agreed to take less. In the instant case, it certainly cannot be said, as a matter of law, that, if indeed the plaintiff effectuated a sale at a lesser price, it should be implied that it would be entitled to no commission. If that were the case, it would be exceedingly difficult for any broker to recover a commission on any sale at less than the listing price, even if his or her efforts brought about the sale.

However, it is unnecessary to decide the substantive issues presented. The matter must be resolved at jury trial. It is only necessary to observe that the contract is ambiguous, and does

not, as a matter of law, bar recovery of a commission based upon a sale at a lesser price. As the contract does not bar the plaintiff from recovery, it cannot be said that the dispute is to be determined pursuant to the terms of a valid and subsisting contract, such that plaintiff is barred from proceeding on a theory of quantum meruit.

We have considered plaintiff-appellant's other points and find them unpersuasive.

Accordingly, the order and judgment (one paper) of the Supreme Court, New York County (Harold Tompkins, J.), entered April 24, 1992, which, *inter alia,* granted defendants' motion and renewed motion, made during the trial by jury, to dismiss the complaint, should be modified, on the law, only to the extent of denying defendants' motion with respect to plaintiff's third cause of action seeking recovery in quantum meruit, reinstating that cause of action against defendants Walber 36th Street Associates and its general partners, defendants David I. Berley and Lawrence Friedland, striking the paragraph severing the third-party action and remanding the matter for further proceedings. As so modified, the judgment should be otherwise affirmed, without costs.

CARRO, J. P., ELLERIN and KASSAL, JJ., concur.

Order and judgment (one paper) of the Supreme Court, New York County, entered April 24, 1992, which, *inter alia,* granted defendants' motion and renewed motion, made during the trial by jury, to dismiss the complaint, is modified, on the law, only to the extent of denying defendants' motion with respect to plaintiff's third cause of action seeking recovery in quantum meruit, reinstating that cause of action against defendants Walber 36th Street Associates and its general partners, defendants David I. Berley and Lawrence Friedland, striking the paragraph severing the third-party action and remanding the matter for further proceedings. As so modified, the judgment is otherwise affirmed, without costs.