■ ERIC SOLSTEIN PRODUCTIONS, INC., Respondent, v ROBERTO RABANNE et al., Appellants. [653 NYS2d 325] —Order, Supreme Court, New York County (Norman Ryp, J.), entered June 12, 1996, which, in an action for, *inter alia*, breach of contract, quantum meruit and fraud, denied defendants' motion to dismiss the quantum meruit and fraud causes of action for failure to state a cause of action, unanimously affirmed, with costs.

Plaintiff's compromise with defendant Rabanne, in the agreement underlying the contract cause of action, is obviously not dispositive of the reasonable value of its services and does not preclude the quantum meruit cause of action given the claim that the compromise was induced by fraud and is therefore unenforceable (*see, Joseph Sternberg, Inc. v Walber 36th St. Assocs.*, 187 AD2d 225; *Chrysler Capital Corp. v Century Power Corp.*, 778 F Supp 1260, 1272). Nor is plaintiff's claim for quantum meruit against defendant Fashion Group International (Fashion), Rabanne's client, precluded as a matter of law because of the absence of privity or an allegation that Fashion assumed Rabanne's obligation to pay for plaintiff's services, where Fashion's intervention in plaintiff's production process, insisting on its own changes in the product, may be a circumstance outside plaintiff's agreement with Rabanne giving rise to an obligation to pay lest Fashion be unjustly enriched by its use of the finished product (*see, U.S. E. Telecommunications v U.S. W. Communications Servs.*, 38 F3d 1289, 1298). Concerning the fraud cause of action against Rabanne, at this stage, plaintiff's allegations that it was induced to finish the project by Rabanne's promise to pay and that such promise was made with a preconceived and undisclosed intention of not performing it are sufficient (*see, Deerfield Communications Corp. v Chesebrough-Ponds, Inc.*, 68 NY2d 954). We have considered defendants' remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Rubin and Mazzarelli, JJ.