■ CURTIS PROPERTIES CORPORATION, Appellant, v GREIF COMPANIES et al., Respondents. [653 NYS2d 569] —Order of the Supreme Court, New York County (Herman Cahn, J.), entered February 15, 1996, which, *inter alia*, denied defendants' motion for summary judgment on the second cause of action of the complaint as moot and held that plaintiff's second cause of action had previously been dismissed and remained dismissed, denied plaintiff's cross motion for sanctions against defendants and their counsel, denied plaintiff's motion to compel defendants to respond to plaintiff's interrogatories, and denied

plaintiff's motion to compel defendants to respond to plaintiff's demand for the production of documents, is unanimously modified, on the law and facts, to reinstate the second cause of action of the complaint in quantum meruit, grant plaintiff's motions to compel defendants to answer the interrogatories and respond to the demand for the production of documents, and otherwise affirmed, without costs or disbursements.

Plaintiff commenced separate (now consolidated) actions against the defendants to recover damages for breach of a brokerage agreement or for services rendered with respect to the agreement. The defendants executed identical brokerage agreements granting the plaintiff the "exclusive right" to find, negotiate for, and secure space or property. The agreements also provided: "we will thoroughly analyze your space requirements and assist you in choosing a new location for your corporate offices at 1290 Avenue of the Americas. We will negotiate on your behalf with landlords and owners of property, including the owners of 1290 Avenue of the Americas, for such spaces or buildings as you may desire to lease or purchase * * * Our sole compensation shall be that paid by the seller or leasor [sic] on consummation of the transaction."

Plaintiff located an alternate space for defendants at 1500 Broadway and a letter of intent was signed with respect to that location on November 23, 1987. Plaintiff then disseminated copies of this letter of intent to third parties, who would, in turn, exhibit it to the landlord Olympia & York of 1290 Avenue of the Americas, in a ploy to get the landlord to reduce its demands on the space then occupied by defendants. However, in December of 1987, defendants negotiated their own leases with Olympia & York on terms similar to those set forth in the letter of intent circulated by plaintiff. After the Supreme Court granted defendants' motion for summary judgment dismissing the complaint seeking damages for breach of contract in the first cause of action and recovery in quantum meruit in the second cause of action, this Court modified to the extent of denying said motion and reinstating the complaint (*Curtis Props. Corp. v Greif Cos.*, 212 AD2d 259).

In the order appealed from herein, the IAS Court denied the defendants' motion to dismiss the second cause of action finding that this Court had held, in the prior appeal, that plaintiff had "entered into a contract with defendants", thereby precluding any claim for quantum meruit. This was a misinterpretation of our order of June 13, 1995, which reinstated the complaint in the action. Thus, the decretal paragraph of that opinion reads, in pertinent part: "the judgment * * * which

granted defendants' motion for summary judgment dismissing the complaint * * * should be modified * * * defendants' motion for summary judgment denied and the complaint reinstated" *(Curtis Props. Corp. v Greif Cos., supra,* at 268). Moreover, the opinion explicitly states: "Having availed themselves of the benefits of their bargain with plaintiff, defendants may not evade the obligation to pay compensation for services rendered by the broker [citation omitted]. Equity requires that plaintiff recover for its services in quantum meruit in order to avoid the unjust enrichment of defendants at its expense [citation omitted]. On the facts of record, it appears that plaintiff would be able to establish ' "(1) the performance of the services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services" ' *(Bauman Assocs. v H & M Intl. Transp.,* 171 AD2d 479, 484)." *(Curtis Props. Corp. v Greif Cos., supra,* at 266-267.)

Accordingly, there is no question that this Court recognized the viability of the quantum meruit cause of action. The IAS Court asserted that a breach of contract claim necessarily precluded such quantum meruit relief. The general rule is that the existence of a valid and enforceable written contract governing a particular subject matter precludes recovery in quasi contract for events arising out of the same subject matter *(Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 388). However, a party is not precluded from proceeding on both breach of contract and quasi-contract theories where there is a bona fide dispute as to the existence of a contract or where the contract does not cover the dispute in issue *(Joseph Sternberg, Inc. v Walber 36th St. Assocs.,* 187 AD2d 225). In addition, a *"quantum meruit* recovery is proper where the defendant wrongfully has prevented the plaintiff's performance of a written agreement" *(Carvatt v Lippner,* 82 AD2d 818; *see also, Knobel v Manuche,* 146 AD2d 528, 530).

The requested discovery by the plaintiff is relevant to the second cause of action and is not burdensome or unduly broad, and, therefore, we grant plaintiff's motions seeking defendants' answers to the interrogatories and production of documents.

The parties have stipulated during the pendency of this appeal as to the substitution of Genesco Inc. for the Greif Companies, and that portion of the appeal is now academic.

Finally, we affirm that portion of the order which denied plaintiff's motion for sanctions against defendants and their counsel. We do not agree with plaintiff that defendants' motions constituted frivolous conduct within the meaning of 22

NYCRR 130-1.1 *et seq.* warranting the imposition of such sanctions. Concur—Wallach, J. P., Rubin, Nardelli, Williams and Andrias, JJ.