■ FREDERICK F. RANDALL et al., Respondents, v SALLY A. GUIDO et al., Appellants. [655 NYS2d 527] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about October 30, 1995, which, insofar as appealed from, denied defendants' motion for summary judgment dismissing the fourth cause of action for quantum meruit, unanimously reversed, on the law, without costs, and the motion granted.

This action is based on a contract by which plaintiffs agreed to perform certain services for defendants in relation to obtaining financing for defendants in their proposed purchase of LM Holdings Corp. The contract between the parties clearly stated that plaintiffs would receive a fee only if defendants obtained financing in the aggregate amount of $1,962,000, which amount would be computed by including any new financing together with any financing carried over from defendants' assumption of an existing Bank Leumi loan. The facts are undisputed that defendants were able to assume $1,000,000 of the Bank Leumi loan and otherwise did not receive financing, but completed the purchase with their own assets. Thus, as the IAS Court held, recovery under the contract was precluded.

Moreover, the cause of action for recovery in quantum meruit is also meritless. Generally, the existence of a valid and enforceable written contract governing a particular subject matter precludes recovery in quasi-contract for events arising out of the same subject matter (*Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 388; *Curtis Props. Corp. v Greif Cos.*, 236 AD2d 237). While a party may assert causes of action in both breach of contract and quasi-contract where there is a bona fide dispute concerning existence of a contract or whether the contract covers the dispute in issue (*Joseph Sternberg, Inc. v Walber 36th St. Assocs.*, 187 AD2d 225) or where one party wrongfully has prevented the other from performing the contract (*Carvatt v Lippner*, 82 AD2d 818; *see also, Knobel v Manuche*, 146 AD2d 528, 530), none of those exceptions to the general rule appear to be applicable to the instant situation.

Under these circumstances, there is no basis for any recovery by plaintiff in quantum meruit. Concur—Milonas, J. P., Ellerin, Nardelli and Tom, JJ.