■ Leroy Callender, P. C., Appellant, v Michael Fieldman et al., Individually and as Michael M. Fieldman & Partners, Respondents. [676 NYS2d 152] —Judgment, Supreme Court, New York County (Harold Tompkins, J.), entered June 23, 1997, which, to the extent appealed from, failed to award plaintiff quantum meruit damages and brings up for review an order of the same court and Justice entered June 10, 1997, granting defendants' motion to set aside the jury's verdict awarding $167,965.82 damages in quantum meruit, unanimously reversed, on the law, with costs, the quantum meruit verdict reinstated, with plaintiff to be awarded interest from June 27, 1990. Appeal from order, same court and Justice, entered June 10, 1997, unanimously dismissed, without costs, as subsumed within the appeal from the aforesaid judgment.

The trial court erred in setting aside the quantum meruit award for services rendered outside of the oral agreement, since such an award is warranted here. *Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.* (70 NY2d 382, 388) and *Unisys Corp. v Hercules Inc.* (224 AD2d 365) state the general rule that: "It is impermissible * * * to seek damages in an action sounding in

quasi contract where the suing party has fully performed on a valid written agreement, the existence of which is undisputed, and the scope of which clearly covers the dispute between the parties" (70 NY2d, *supra*, at 389). However, where "there is a bona fide dispute as to the existence of a contract or where the contract does not cover the dispute in issue, plaintiff may proceed upon a theory of quantum meruit and will not be required to elect his or her remedies" (*Joseph Sternberg, Inc. v Walber 36th St. Assocs.*, 187 AD2d 225, 228; *see also, Fennell & Minkoff v Wall St. Transcript Corp.*, 239 AD2d 160; *Charles J. Hecht, P. C. v Clowes*, 224 AD2d 312).

Here, there were hotly disputed issues as to the scope of the work agreed to in the oral contract and the scope of the additional work requested thereafter, and as to the factors to be considered in determining plaintiff's compensation.

The trial court's view that we overruled *Sternberg* in *Unisys* was incorrect, especially considering that we carefully distinguished *Sternberg* (*Unisys Corp. v Hercules Inc., supra,* at 369) and that we have relied upon it subsequently (*see, e.g., Randall v Guido*, 238 AD2d 164; *Solstein Prods. v Rabanne*, 236 AD2d 216).

The trial record supports the jury's determination that plaintiff was entitled to the reasonable value of its services. When viewed in the light most favorable to plaintiff (*see, Baker v Turner Constr. Co.*, 200 AD2d 525, 526), the evidence shows that the parties entered into an oral agreement whereby plaintiff agreed to provide structural plans for the "Main Pavilion Addition", comprising 75,000 square feet, for a fee of $145,000. The evidence also allowed the jury to find that the balance of the structural work performed by plaintiff, i.e., the operating room addition and six sets of plans over seven months, was never the subject of the parties' oral agreement and was valued at $167,965.82, the amount of the final invoice. In rendering its award, the jury simply took the amount it determined was due plaintiff and divided it between the theories of recovery as it understood them to be presented in accordance with the evidence.

Finally, we find that plaintiff has established its entitlement to pre-judgment interest on the quantum meruit verdict (CPLR 5001 [c]; *Kleartone Transparent Prods. Co. v Dun & Bradstreet*, 118 AD2d 832), and that such interest should be computed from June 27, 1990, the date plaintiff demanded payment on its final invoice. Concur—Sullivan, J. P., Rosenberger, Nardelli, Rubin and Williams, JJ.