■ HOWARD TAYLOR & CO., INC., Appellant, v TERRA CAPITAL ASSOCIATES et al., Respondents. [739 NYS2d 510] —Appeal from an order of Supreme Court, Monroe County (Stander, J.), entered December 18, 2000, which denied plaintiff's motion for summary judgment and granted defendants' cross motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff commenced this action seeking to re-

cover $150,000 as its commission for brokering a mortgage between defendants and a lender. Supreme Court properly denied plaintiff's motion for summary judgment and granted defendants' cross motion for summary judgment dismissing the complaint. As a matter of law, plaintiff failed to earn its commission under the brokerage agreement. The brokerage agreement was drafted by plaintiff, and thus any ambiguities concerning its scope must be resolved against plaintiff (*see, Graff v Billet,* 64 NY2d 899, 902; *151 W. Assoc. v Printsiples Fabric Corp.,* 61 NY2d 732, 734).

The brokerage agreement provides that plaintiff would be entitled to its commission "[w]hen [plaintiff] obtains a commitment(s) for said loan(s) at rates and terms which are accepted by [defendants] in [defendants'] sole discretion." Here, plaintiff did not obtain a commitment from a lender to loan defendants money at a given rate. Rather, pursuant to the terms of the commitment at issue, the rate was to be set by the parties upon their entering into a distinct "Rate Lock Agreement," which never occurred. In any event, the commitment was not ultimately "accepted" by defendants in their "sole discretion." Moreover, it appears that the pending mortgage transaction fell through as a result of the lender's refusal to enter into a Rate Lock Agreement with defendants and refusal to permit defendants to complete the transaction. Contrary to plaintiff's contention, the circumstances presented herein cannot be construed as a willful default by defendants (*cf., Lane—Real Estate Dept. Store v Lawlet Corp.,* 28 NY2d 36, 42-43; *Levy v Lacey,* 22 NY2d 271, 276-277), and plaintiff thus is not entitled to recover its commission. Present—Green, J.P., Hayes, Hurlbutt, Kehoe and Burns, JJ.