■ Wellbilt Equipment Corporation, Respondent-Appellant, v Sheldon Fireman et al., Defendants, and Red

EYE GRILL, L.P., Appellant-Respondent. [755 NYS2d 610] —Order, Supreme Court, New York County (Edward Lehner, J.), entered on or about November 26, 2001, which, in an action for breach of a construction contract, after a nonjury trial, inter alia, determined that defendant restaurant is liable in quantum meruit for the reasonable value of plaintiff contractor's work and directed a hearing before a Special Referee on the issue of such value, unanimously affirmed, without costs.

Although the parties entered into an oral agreement for the construction of defendant restaurant, the scope of work that had been agreed upon changed significantly during the course of construction. No basis exists to disturb the trial court's finding, strongly supported by defendant's judicial and extrajudicial admissions, that the parties, in recognition of such changes, reached an understanding that a new price term should be set, but were unable to reach agreement. In these circumstances, plaintiff could proceed on a theory of quantum meruit and did not have to elect its remedies (see Leroy Callender, P.C. v Fieldman, 252 AD2d 468 [1998]). We have considered defendant's remaining contentions and find them unavailing. Concur— Mazzarelli, J.P., Sullivan, Ellerin, Friedman and Gonzalez, JJ.