■ SIGNATURE REALTY, INC., Appellant, v TIM TALLMAN, Doing Business as TALLMAN'S TIRE AND AUTO SERVICE, Respondent. [757 NYS2d 171] —Appeal from an order of Supreme Court, Oneida County (Parker, J.), entered July 26, 2001, which, inter alia, granted that part of plaintiff's motion for summary judgment on the first cause of action seeking brokerage commissions plus interest on rental payments during the initial lease term.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: Contrary to the contention of plaintiff, Supreme Court properly granted only that part of her motion for summary judgment on the first cause of action seeking brokerage commissions plus interest on rental payments during the initial lease term. We conclude as a matter of law that the parties' Brokerage Services and Commission Agreement (brokerage agreement) is ambiguous with respect to the issue whether plaintiff broker would earn commissions when defendant exercised an option to renew the lease (*see generally W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]), and it is well settled that, "[i]f there is any doubt or uncertainty as to

the meaning of the disputed language in [a] brokerage agreement, all ambiguity must be resolved against the broker who prepared it" (*Graff v Billet*, 64 NY2d 899, 902 [1985]; *see Taylor & Co. v Terra Capital Assoc.*, 292 AD2d 836, 837 [2002]). Thus, the court properly determined that plaintiff is not entitled to commissions on rental payments during any renewal terms of the lease.

We further conclude that the court properly granted that part of defendant's motion seeking dismissal of the second cause of action sounding in quasi contract. Plaintiff is not entitled to restitution in quasi contract because there exists a valid and enforceable written contract governing the "particular subject matter" in dispute, i.e., plaintiff's alleged entitlement to commissions (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]; *see Eagle Comtronics v Pico Prods.*, 256 AD2d 1202, 1202-1203 [1998], *lv denied* App Div, 4th Dept [Mar. 19, 1999]; *Baumberger Capital v Canaan Partners*, 235 AD2d 216 [1997], *lv denied* 90 NY2d 804 [1997]). The court also properly granted that part of defendant's motion seeking dismissal of the third cause of action for fraud because that cause of action merely duplicates the cause of action for breach of contract (*see Reiser, Inc. v Roberts Real Estate*, 292 AD2d 726, 727-728 [2002]; *cf. Eagle Comtronics*, 256 AD2d at 1203).

All concur except Gorski and Lawton, JJ., who dissent in part and vote to modify in accordance with the following memorandum.

Gorski and Lawton, JJ. (dissenting in part). We respectfully dissent in part. We concur with the majority that Supreme Court properly granted that part of defendant's motion seeking dismissal of the second and third causes of action. Unlike the majority, however, we do not believe that the court properly limited plaintiff's brokerage commissions earned to the initial term of the lease.

On October 18, 1991, plaintiff and defendant entered into a Brokerage Services and Commission Agreement (brokerage agreement). That brokerage agreement provides in applicable part:

"I [defendant] have requested [that plaintiff] provide me with information regarding certain real property and available business opportunities. I have been informed that the following parcels of real propery [*sic*] and/or businesses available or may be available for purchase or lease:

"5176 Commercial Drive, Yorkville New York * * *

"If I enter into any purchase, lease, exchange, rental ar-

rangement or other occupancy with respect to any of the above listed properties or businesses, within 12 months from the date of this agreement or at any time during or following the term of a lease or other rental arrangement, I agree to pay to [plaintiff] at the closing and transfer of title or other ownership, a commission of 10% of the purchase price. In the event of a lease, rental arrangement or other occupancy, the commission payable to [plaintiff] by the undersigned shall be 10% of the rental which the undersigned is obligated to pay under said lease or rental arrangement, payable at the same time rent is payable."

On October 29, 1991, defendant entered into a lease for the above property. The lease was for a five-year term, and defendant had the option to renew for three additional terms of five years each, at gradually increasing annual rentals.

The issue whether plaintiff is entitled to recover in this action must be determined by the terms of the brokerage agreement, not by the terms of the lease. The brokerage agreement is silent with respect to the amount of rent to be paid by defendant or the duration of any lease entered into by defendant. Rather, the brokerage agreement specifies only the point in time when a commission is earned and the time when it is payable. Pursuant to the brokerage agreement, defendant was obligated to pay a commission if it paid rent under any lease that was entered into for the property at issue within 12 months from the date of such brokerage agreement. If at any time defendant was not obligated to pay rent, no commission was earned. In short, plaintiff's right to a commission was solely under defendant's control. If defendant negotiated out of the lease at any time, plaintiff was not entitled to any commission. However, as long as defendant was a tenant and paid rent under the lease at issue, it was obligated to pay a commission to plaintiff at the time the rental payment was due and owing to the lessor.

We believe that the majority is in error in concluding that the brokerage agreement is ambiguous because it does not expressly provide that plaintiff is entitled to a commission on rentals beyond the initial term of the lease. The duration of the lease has no bearing on plaintiff's right to commissions. Here, the brokerage agreement is clear with respect to when a commission is earned and payable, and courts must adjudicate the rights of parties in accordance with the terms of their agreements (see *Laba v Carey*, 29 NY2d 302, 308 [1971], *rearg denied* 30 NY2d 694 [1972]; *Sarris v Kuhn*, 111 AD2d 585 [1985], *appeal dismissed* 66 NY2d 760 [1985]). We therefore would modify

the order by granting plaintiff's motion for summary judgment on the first cause of action in its entirety. Present—Pigott, Jr., P.J., Pine, Hurlbutt, Gorski and Lawton, JJ.