■ TERRY FISHER, Respondent, v A.W. MILLER TECHNICAL SALES, INC., Appellant. [762 NYS2d 205] —Appeal from that part of an order of Supreme Court, Ontario County (Doran, J.), entered July 9, 2002, that denied in part defendant's motion seeking summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: Supreme Court properly denied those parts of defendant's motion seeking summary judgment dismissing the cause of action for breach of contract and the cause of action sounding in quantum meruit or quasi contract. Plaintiff, who was employed by defendant as a salesman, submitted a letter dated January 26, 2000 stating that he intended to resign effective January 31, 2000. By another letter dated that same day, plaintiff sought certain commissions, some of which were paid as requested. Plaintiff also sought 50% of the commission due on a sale to one customer and suggested that the commission due on a sale to another customer be paid to his successor. Those two commissions are the subject of this action. Under the express terms of the revised contract between plaintiff and defendant, plaintiff is not entitled to commissions on sales of equipment not yet shipped as of the date on which plaintiff's resignation is accepted by defendant.

In response to those letters, plaintiff's supervisor asked plaintiff to consider alternative compensation packages in an effort to continue plaintiff's employment with defendant. Plaintiff at some point told his supervisor that he would not pursue possible alternative compensation packages and, as of January 31, 2000, plaintiff ceased soliciting business for defendant and ceased receiving benefits from defendant. Plaintiff, who worked out of his home, began working for another company in February 2000. His contract with defendant had never been exclusive, however, and his new employment did not preclude continued employment by defendant. In fact, plaintiff continued to receive mailings from defendant and defendant's customers.

The parties did not reach an agreement regarding all commissions due plaintiff and, by letter dated September 5, 2000, plaintiff sought the full commissions that are the subject of this action inasmuch as nothing had been paid with respect to those commissions. When defendant did not respond, plaintiff commenced this action seeking payment of those commissions under his employment contract on the theory that his resignation had still not been accepted because his accounts had not been reconciled, as well as under the theory of quantum meruit or quasi contract. Defendant moved for summary judgment dismissing the complaint. The court granted the motion only in part, dismissing the cause of action for an accounting. We affirm.

We conclude that the court properly denied that part of the

motion with respect to the cause of action for breach of contract because defendant failed to meet its burden of establishing when, if ever, plaintiff resigned and when, if ever, defendant accepted that resignation. Thus, defendant failed to meet its burden of establishing as a matter of law that it did not breach the contract. In support of its motion, defendant submitted portions of plaintiff's deposition testimony in which plaintiff testified that he ceased soliciting business for defendant as of January 31, 2000. However, plaintiff also testified therein that he continued to receive mailings from defendant and defendant's customers as well as payment of some commissions. In any event, even assuming, arguendo, that defendant met its initial burden with respect to the breach of contract cause of action, we conclude that plaintiff raised an issue of fact by submitting an affidavit in which he averred that his contracts with defendant and his new employer were not exclusive and thus he could work as a salesman for defendant and his new employer at the same time. Despite defendant's conclusory assertion that plaintiff's resignation was accepted, nothing in defendant's submissions establishes that defendant in fact ever accepted the resignation. Indeed, in plaintiff's deposition testimony submitted by defendant, plaintiff testified that his supervisor attempted to negotiate alternative compensation packages with him. To establish its entitlement to terminate plaintiff's right to commissions under the contract and thus to establish that it did not breach its contract with plaintiff, defendant had to establish that plaintiff resigned and that the resignation was accepted before the goods were shipped (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Contrary to the characterization of the dissent, we do not conclude that the terms "resignation" and "acceptance" are ambiguous, but rather, we conclude that defendant failed to establish if and when the resignation and acceptance occurred.

We further conclude that the court properly denied that part of defendant's motion seeking summary judgment dismissing the cause of action sounding in quantum meruit or quasi contract. Although "[t]he existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]; *see Randall v Guido*, 238 AD2d 164 [1997]; *Heller v Kurz*, 228 AD2d 263, 263-264 [1996]), it is not the law in New York "that a claim in contract and one in quasi contract are mutually exclusive in all events and under all circumstances" (*Joseph Sternberg, Inc. v Walber 36th St. Assoc.*, 187 AD2d 225, 227-228 [1993]). Where, as here,

there is a bona fide dispute whether the contract covers the controversy in issue, "a plaintiff may proceed upon a theory of quantum meruit as well as contract, and will not be required to elect his or her remedies" (*Sforza v Health Ins. Plan of Greater N.Y.*, 210 AD2d 214, 215 [1994]; *see Randall*, 238 AD2d 164 [1997]; *Joseph Sternberg, Inc.*, 187 AD2d at 228; *see generally Smith v Kirkpatrick*, 305 NY 66, 73 [1953], *rearg denied* 305 NY 926 [1953], *overruled in part on other grounds O'Brien v City of Syracuse*, 54 NY2d 353, 358 n 1 [1981]).

All concur except Hurlbutt and Lawton, JJ., who dissent and vote to reverse the order insofar as appealed from in accordance with the following memorandum.

Hurlbutt and Lawton, JJ. (dissenting). We respectfully dissent. Plaintiff commenced this action seeking sales commissions he allegedly earned while employed by defendant, asserting causes of action for breach of contract, quantum meruit, and an accounting. In our view, Supreme Court should have granted defendant's motion seeking summary judgment in its entirety, thereby dismissing the complaint. The parties' written contract of employment provides in pertinent part that "[n]o sales commissions will be paid for orders received that ship on or after the Salesman's resignation is accepted by [defendant]." On January 28, 2000, plaintiff hand-delivered a letter to defendant's vice-president stating in pertinent part: "This letter will inform you of my intention to resign from A.W. Miller Technical Sales effective January 31, 2000. I have decided to accept a sales management position with a company outside of the machine tool field. * * * Thank you * * * for the opportunity you provided at A.W. Miller. I wish you and A.W. Miller Technical Sales continued success." On February 1, 2000, plaintiff commenced full-time employment with another company. By a separate letter dated the same day as his letter of resignation, plaintiff informed defendant's vice-president of his claimed entitlement to commissions for past sales, including two sales on which shipment was not made until after the delivery of plaintiff's letter of resignation. Plaintiff commenced this action when defendant refused to pay him commissions on the sales that generated the post-resignation shipments, and defendant thereafter moved for summary judgment dismissing the complaint. Defendant contended, inter alia, that plaintiff's claim for commissions on items shipped after January 31, 2000 was barred by the terms of the employment contract. In granting only that part of the motion with respect to the cause of action for an accounting, the court concluded that there are triable issues of fact "when, and if, plaintiff actually tendered his

resignation" and "when, and if, the defendant accepted plaintiff's resignation." The majority has determined that the court properly denied that part of the motion with respect to the causes of action for breach of contract and quantum meruit. We disagree in both respects.

Where contract terms are unambiguous, " '[e]vidence outside the four corners of the document * * * is generally inadmissible to add to or vary the writing' " (*R/S Assoc. v New York Job Dev. Auth.*, 98 NY2d 29, 33 [2002], *rearg denied* 98 NY2d 693 [2002], quoting *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). Rather, the contract should be "enforced according to its terms" (*W.W.W. Assoc.*, 77 NY2d at 162) and "effect must be given to the [parties'] intent as indicated by the language used without regard to extrinsic evidence" (*Schmidt v Magnetic Head Corp.*, 97 AD2d 151, 157 [1983]). Further, "courts may not by construction add or excise terms, nor distort the meaning of those used and thereby 'make a new contract for the parties under the guise of interpreting the writing' " (*Morlee Sales Corp. v Manufacturers Trust Co.*, 9 NY2d 16, 19 [1961]; *see Reiss v Financial Performance Corp.*, 97 NY2d 195, 199 [2001]). Finally, "whether an ambiguity exists must be ascertained from the face of the agreement without regard to extrinsic evidence" (*Schmidt*, 97 AD2d at 157; *see R/S Assoc.*, 98 NY2d at 33).

Here, contrary to the majority's conclusion, there are no triable issues of fact under the plain language of the parties' agreement, and thus the court should have granted that part of defendant's motion with respect to the breach of contract cause of action. Plaintiff's letter unquestionably and unequivocally constituted a resignation from employment as of January 31, 2000, and thus there is no issue of fact in that regard. There is likewise no issue of fact whether plaintiff's resignation was "accepted" before shipment of the goods sold as the result of plaintiff's efforts. In the context of this employment agreement, the term "accepted" is unambiguous. "Under its ordinary usage" (*R/S Assoc.*, 98 NY2d at 33), plaintiff's resignation was "accepted" when it was received by defendant's vice-president (*see e.g.* Webster's Third New International Dictionary 10 [1993] [defining "accept" as "to receive with consent (something given or offered)"]). Any doubt concerning whether plaintiff resigned and when defendant accepted that resignation is necessarily resolved by the parties' mutual termination of all indicia of an employment relationship when plaintiff commenced working for a new employer on February 1, 2000.

The contention of plaintiff that neither his resignation nor

defendant's acceptance thereof could be effected until his claims for commissions were resolved is without merit. Such a construction would add a term to or distort the meaning of the contract language and thus improperly " 'make a new contract for the parties under the guise of interpreting the writing' " (*Morlee Sales Corp.*, 9 NY2d at 19; *see Reiss*, 97 NY2d at 199). Moreover, even assuming, arguendo, that the term "accepted" as used in the contract is ambiguous, we conclude that plaintiff's subjective understanding is not competent parol evidence to explain its meaning. "Uncommunicated subjective intent alone cannot create an issue of fact where otherwise there is none" (*Wells v Shearson Lehman/Am. Express*, 72 NY2d 11, 24 [1988], *rearg denied* 72 NY2d 953 [1988]). Thus, "[i]n the absence of any evidence that the * * * views now advanced were either discussed or considered by the parties during the process leading up to the execution of the agreement, the words in the contract must be given the meaning which those to whom they are addressed would reasonably be expected to perceive" (*Hudson-Port Ewen Assoc. v Chien Kuo*, 165 AD2d 301, 305 [1991], *affd* 78 NY2d 944 [1991]; *see Tracey Rd. Equip. v Village of Johnson City*, 174 AD2d 849, 851 [1991]; *cf. Newin Corp. v Hartford Acc. & Indem. Co.*, 62 NY2d 916, 918-919 [1984]; *Bayer Realtors v W.E. Pearse, Inc.*, 256 AD2d 1164 [1998]). The terms "resignation" and "accepted" cannot reasonably be construed to require a reconciliation of the parties' accounts in order to be effected.

The court also erred in denying that part of defendant's motion with respect to the quantum meruit or quasi contract cause of action. As the majority correctly notes, "[t]he existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]; *see Signature Realty v Tallman*, 303 AD2d 925 [2003]; *Eagle Comtronics v Pico Prods.*, 256 AD2d 1202, 1202-1203 [1998]). A plaintiff may, however, assert causes of action for both breach of contract and quantum meruit where there is a bona fide dispute concerning the existence of a contract or whether the contract covers the dispute in issue, or where one party has wrongfully prevented the other from performing under the contract (*see Randall v Guido*, 238 AD2d 164 [1997]; *Joseph Sternberg, Inc. v Walber 36th St. Assoc.*, 187 AD2d 225, 228 [1993]). Contrary to the majority's conclusion, here there is no dispute whether the contract covers the dispute in issue. If the items in question were shipped before plaintiff's resignation was accepted by defendant, plaintiff is entitled to recover the

unpaid commissions on the cause of action for breach of contract. If the goods were shipped after acceptance of the resignation, plaintiff cannot recover. In either event, the issue between the parties is governed by the contract terms. Thus, "none of [the] exceptions to the general rule [is] applicable to the instant situation," and the cause of action for quantum meruit should have been dismissed (*Randall*, 238 AD2d at 164; *cf. Joseph Sternberg, Inc.*, 187 AD2d at 228-229). We therefore would reverse the order insofar as appealed from, grant defendant's motion in its entirety and dismiss the complaint. Present—Pigott, Jr., P.J., Pine, Hurlbutt, Lawton and Hayes, JJ.