Farrell Limousine Serv. LLC v Macro Consultants LLC (2021 NY Slip Op 00113)





Farrell Limousine Serv. LLC v Macro Consultants LLC


2021 NY Slip Op 00113


Decided on January 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 12, 2021

Before: Acosta, P.J., Webber, González, Scarpulla, JJ. 


Index No. 653863/19 Appeal No. 12841 Case No. 2020-00988 

[*1]Farrell Limousine Service LLC, et al., Plaintiffs-Appellants,
v
Macro Consultants LLC, Defendant-Respondent, Carrickmore P&D, LLC, et al., Defendants.


Lazarus & Lazarus, P.C., New York (Harlan M. Lazarus of counsel), for appellants.
Black Marjieh & Sandford LLP, Elmsford (Dana K. Marjieh of counsel), for respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered January 10, 2020, which granted defendant Macro Consultants LLC's motion to dismiss the complaint as against it pursuant to CPLR 3211(a)(1) and (7), unanimously modified, on the law, to deny the motion as to the unjust enrichment claim and to clarify that the dismissal of the breach of contract claim is without prejudice, and otherwise affirmed, without costs.
Based on documentary evidence, the court correctly dismissed the contract claim as currently pleaded (see generally Basis Yield Alpha [Master] v Goldman Sachs Group, Inc., 115 AD3d 128, 135 [1st Dept 2014]). The complaint alleges that Macro breached "the Macro Agreement," which is defined as an October 2010 contract between Macro and plaintiff Farrell Limousine Service LLC (Limousine). That contract says that Macro will provide services to support "the pre-development planning and approval phase ('Phase One')" of the project. The scope of those services did not include filing applications for New York City's Industrial and Commercial Abatement Program (ICAP). Even if Macro was contractually obligated to cooperate with the project team to "maintain a continuous review process," that was only during Phase One. A building permit was issued in April 2014. Thus, the obligation to file the final ICAP application a year later was not part of "the pre-development planning and approval phase."
However, on a CPLR 3211 motion, courts "determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Here, the allegations in the complaint and the documents in the record may be construed as pleading that Farrell agreed to pay Macro for services beyond the contracted-for Phase One services and that those services included supervising the subcontractors who had responsibility for ensuring that the final ICAP application was timely filed.
Thus, the unjust enrichment claim should not be dismissed, because the October 2010 contract does not cover plaintiffs' additional allegations concerning Macro's alleged extracontractual responsibility for the final ICAP application (see Curtis Props. Corp. v Greif Cos., 236 AD2d 237, 239 [1st Dept 1997]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2021