American Infertility of N.Y., P.C. v Kushnir (2025 NY Slip Op 03858)

American Infertility of N.Y., P.C. v Kushnir

2025 NY Slip Op 03858

Decided on June 26, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 26, 2025

Before: Kern, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Index No. 655306/18|Appeal No. 4643-4643A|Case No. 2024-05780|

[*1]American Infertility of New York, P.C. Doing Business as Center for Human Reproduction, Plaintiff-Appellant,
v
Vitaly A. Kushnir, M.D., Defendant-Respondent, Neway Fertility Corp., Defendant.

Turman Legal Solutions PLLC., Uniondale (Stephen E. Turman of counsel), for appellant.
Johnson Liebman, LLP, New York (Charles D. Liebman of counsel), for respondent.

Judgment, Supreme Court, New York County (Adam Silvera, J.), entered September 6, 2024, awarding defendant Vitaly A. Kushnir, M.D. damages against plaintiff on his first, second, and third counterclaims, and bringing up for review an order, same court (Lucy Billings, J.), entered October 18, 2022, which, after a nonjury trial, awarded Kushnir damages on his counterclaims, and order, same court and Justice, entered September 1, 2023, which reduced the amount awarded on the third counterclaim, unanimously modified, on the law and the facts, to vacate the award of $13,000 on the second counterclaim, and otherwise affirmed, without costs.
Plaintiff employed Kushnir in July 2012 pursuant to a one-year employment agreement that was renewed annually for six years. After disputes arose concerning the financial terms of his employment, Kushnir resigned on July 14, 2018, effective January 24, 2019.
A judgment from a nonjury trial "should only be set aside where it is not supported by any fair interpretation of the evidence" (Wong v Hsia Chao Yu, 160 AD3d 549, 549-50 [1st Dept 2018]). The trial court's determination that Kushnir was entitled to be compensated for wages improperly withheld in violation of Labor Law § 193(1)(b) is supported by testimony that plaintiff's principal told Kushnir in 2015 that his salary would be temporarily reduced by 10% due to financial difficulties, but instead the reduction continued from October 2015 until Kushnir left plaintiff.
Plaintiff's objections to the court's quantum meruit award of $212,000 to compensate Kushnir for work he was required to perform on weekends are unpreserved for appellate review. Plaintiff failed to make any objection during trial, in its post-trial proposed findings of fact and conclusions of law, or in its post-trial motion pursuant to CPLR 4404 (see Feeward Constr. Co. v Capolino, 181 AD2d 632, 632-633 [1st Dept 1992], lv dismissed 80 NY2d 969 [1992]). Even if the arguments were to be considered, we would find that, contrary to plaintiff's contention, Kushnir's allegations in support of the first counterclaim provided adequate notice of his claim that he was required to perform "extra-contractual" work beyond that required by the employment agreement. To the extent the claim was first framed as a quantum meruit claim in closing, absent any showing of prejudice to or objection by plaintiff, the court could properly deem the pleadings amended to conform to the evidence after trial (see Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23-24 [1981]; Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014]; CPLR 3025 [b]). Although Kushnir had an employment agreement covering his work, his claim is that the agreement did not provide for the weekend work and did not provide a means for determining payment for such extra work so that quantum meruit recovery was available (see IIG Capital LLC v Archipelago, L.L.C., 36 AD3d 401, 404-405 [1st Dept 2007], citing Joseph Sternberg, Inc. v Walber 36th St. Assoc[*2]., 187 AD2d 225, 228 [1st Dept 1993]; cf. Aviv Constr., Inc. v Antiquarium, Ltd., 259 AD2d 445, 446-447 [1st Dept 1999]). The court providently determined that interest would be computed from the midpoint date (CPLR 5001[b]; Trumbull Equities LLC v Mt. Hawley Ins. Co., 191 AD3d 587, 588 [1st Dept 2021]).
The record also supports the trial court's award to Kushnir of dividend payments from his malpractice insurance policy that were incorrectly applied by plaintiff to the premiums it paid for Kushnir's policy. Kushnir was the policyholder (see Columbia Mem. Hosp. v Hinds, 38 NY3d 253, 266 [2022]), and he never delegated his dividend rights to plaintiff (id. at 273).
However, Kushnir did not establish that plaintiff breached the provision of the contract stating that he would be "eligible for [plaintiff's] standard benefit package, including pension plan, as described in the Employee Manual," by not making a payment to him under its profit-sharing plan during his first year of employment. The evidence was that plaintiff had a profit-sharing plan but there was no evidence as to whether Kushnir was eligible for participation in that plan during his first year. Since the employment agreement did not guarantee that Kushnir would receive contributions during the first year of employment, and no evidence was submitted to establish eligibility, there was no basis to award Kushnir $13,000 on his second counterclaim.
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 26, 2025