■ AVIV CONSTRUCTION, INC., Respondent, v ANTIQUARIUM, LTD., Appellant. [687 NYS2d 344] —Order of the Appellate Term of the Supreme Court, First Department (Ostrau, P. J., and Davis, J.; McCooe, J., dissenting in part), entered October 29, 1997, affirming an order of the Civil Court, New York County (Jay Stuart Dankberg, J.), entered August 7, 1996, which, insofar as appealed from, denied defendant's motion for summary judgment dismissing the second cause of action for quantum meruit, unanimously reversed, on the law, with costs, the motion granted, and the plaintiff's second cause of action dismissed.

On January 24, 1994, defendant Antiquarium, Ltd., an antiques and fine arts gallery in Manhattan, contracted with plaintiff Aviv Construction, Inc., a contractor, to perform renovation work. The contract price was set at $100,500. Pursuant to Article 13 of the contract, changes in the scope of work or amounts due could not be made without defendant's written approval: "Such changes in the Work shall be authorized by written Change Order signed by the Owner and Contractor or

by written Construction Change Directive signed by the Owner." Defendant signed four Change Orders authorizing payment of an additional $18,800 for so-called "extras".

Around April 20, 1994, the work was completed and defendant paid plaintiff $119,300. Part of the payment was made by means of a $10,000 check marked "Chg. orders complete", which plaintiff accepted. However, plaintiff claimed that $22,726.50 more was owed to it, based on additional Change Orders. When defendant refused to pay more, plaintiff brought this action.

Plaintiff's first cause of action alleged breach of the written contract, while the second sought recovery based on quantum meruit. However, the second cause of action incorporates the first by reference and also states that the extra work for which plaintiff seeks restitution was "furnished pursuant to the contract".

The Civil Court granted defendant's motion for summary judgment to the extent of limiting the damages recoverable on the breach of contract claim to $3,296. The claim for the remaining $19,430.50 was dismissed, because it was based on Change Orders not signed by defendant; under the express language of Article 13, such Change Orders could not bind defendant. The breach of contract claim, and defendant's affirmative defense of accord and satisfaction based on the $10,000 check, were reserved for trial and are not the subject of this appeal. We concern ourselves only with the Civil Court's denial of defendant's motion to dismiss the quantum meruit cause of action, which was upheld by the Appellate Term on the grounds that there was an issue of fact as to defendant's waiver of Article 13. This cause of action should have been dismissed.

The existence of a valid and enforceable written contract precludes a quantum meruit claim (*Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 388). In *Clark-Fitzpatrick*, as here, "it is undisputed that the relationship between the parties was defined by a written contract, fully detailing all applicable terms and conditions, and specifically providing for project design changes with adjustments in compensation contemplated in light of those changes" (*supra*, at 389). A contractor cannot bring a quantum meruit claim for extra payments beyond the original contract price where there exists a contract governing how payment for extra work will be determined (*Harder v Reedy*, 217 AD2d 833).

Plaintiff's own quantum meruit claim is internally inconsistent in that it incorporates the allegations contained in the breach of contract claim (which allege the existence of a

contract) and also states that the extra work was done pursuant to the contract. Moreover, there is no issue of fact as to whether a contract covering this subject matter existed or whether its performance was wrongfully prevented by defendant (*Randall v Guido*, 238 AD2d 164). Both parties appear to accept that the written Change Order requirement of Article 13 is valid and applicable to the instant controversy (*compare, Curtis Props. Corp. v Greif Cos.*, 236 AD2d 237, 239). Plaintiff did not even cross-appeal to the Appellate Term from the Civil Court's limitation of damages to those based on signed Change Orders. Therefore, it would be appropriate to grant summary judgment dismissing the second cause of action. Concur—Rosenberger, J. P., Nardelli, Williams and Wallach, JJ.