■ SINGER ASSET FINANCE COMPANY, LLC, Appellant, v KIM Y. MELVIN, Respondent, et al., Intervenors-Defendants. [822 NYS2d 68]—

· Order and judgment (one paper), Supreme Court, New York County (Jane S. Solomon, J.), entered July 19, 2005, which, to the extent appealed from as limited by plaintiff's brief, granted plaintiff's motion for summary judgment on the third cause of action for unjust enrichment and denied the motion to dismiss the first, fourth and fifth causes of action for breach of contract, injunctive relief and declaratory relief, unanimously modified, on the law, the motion denied with respect to the third cause of action and granted with respect to the first and fourth causes of action, and otherwise affirmed, without costs, and the matter remanded for further proceedings. Appeal from a prior order, same court and Justice, entered December 2, 2004, unanimously dismissed, without costs, as superseded by the appeal from the subsequent order.

Defendant Melvin, a resident of North Carolina, and nonparty Commerce and Industry Insurance Company entered into a structured settlement agreement in connection with a personal injury claim asserted by Melvin against Commerce. Pursuant to the terms of the settlement agreement, Melvin was guaranteed monthly payments of $1,250 for 360 months commencing January 1, 1986 through and including December 1, 2015, and life thereafter, plus six lump-sum payments in increasing amounts due every five years from 1991 through 2016. Commerce assigned its obligation to make these payments to intervenor-defendant Transatlantic Reinsurance Company. In order to fund its obligation under the settlement agreement, Transatlantic purchased an annuity from intervenor-defendant American International Life Assurance Company of New York.

Plaintiff, a limited liability company with offices in New York City and Boca Raton, is in the business of purchasing future structured payments in exchange for a present, sharply

discounted, lump-sum amount. In November 1998, plaintiff and Melvin entered into an agreement in which Melvin sold her interest in certain settlement payments to plaintiff in exchange for a discounted lump-sum amount. It is uncontested that this agreement was not the target of any complaint by either party and is not the subject of this lawsuit.

Thereafter, the parties entered into a second purchase agreement dated September 17, 1999, consisting of 17 pages, single-spaced, pursuant to which Melvin, in consideration for the sum of $47,422, sold and assigned to plaintiff her title to and interest in 72 monthly settlement payments running from April 1, 2002 through March 1, 2008 and one lump-sum payment of $20,000 due on January 1, 2006, totaling $110,000. The purchase agreement further provided that Melvin pledge as collateral her interest in all the payments due under the structured settlement agreement. In the event of default of one of the payments, Melvin would have to pay, within 10 days of demand, the entire amount of the assigned payments. In addition, despite the lack of connection to New York, the purchase agreement provided that Melvin consent to personal jurisdiction in New York, venue in New York County and entry of judgment in the event of a default.

Melvin notified intervenors that she had assigned her right to certain payments as defined in the purchase agreement to plaintiff and directed that the underlying structured settlement payments be sent to a post office box in New Jersey. Plaintiff paid Melvin $47,422 on or about October 1, 1999. Apparently the notification of assignment was not promptly honored by intervenors, and Melvin did not forward her payments to plaintiff. Consequently, plaintiff brought this action for, inter alia, breach of the purchase agreement. In response, Melvin claimed that she was never provided with a complete contract and that plaintiff had rushed her into the deal before the effective date of a new law in North Carolina that would govern these transactions.

Plaintiff moved for summary judgment, offering, in addition to the purchase agreement, Melvin's deposition testimony in which she had refused to answer questions regarding the transaction and purchase agreement. In addition, plaintiff relied on the deposition testimony of the notary public, a church deacon, who witnessed Melvin, a member of his church, sign the purchase agreement. Plaintiff also introduced evidence that Melvin had received and deposited in the bank the consideration plaintiff had paid pursuant to the purchase agreement. Melvin apparently served untimely opposition papers, which the court

did not consider. In any event, Melvin did appear, pro se, at oral argument on the motion.

The court granted plaintiff summary judgment on the third cause of action for unjust enrichment, awarding the principal amount of $47,422, interest from October 1, 1999, costs, disbursements and attorneys' fees for a total sum of $110,375.77. The court found that plaintiff was not entitled to the entire amount of assigned payment "because Melvin is not the culpable party in failing to have the intervenors pay over the money, because plaintiff's rights to those funds only is as security for any debt to it of Melvin and because, in any event, it would only be entitled to judgment for the present value of those payments and no evidence is presented for that calculation."

Plaintiff appeals on the ground that it was entitled to judgment on the breach of contract in addition to injunctive and declarative relief. Melvin has not filed a responding brief, and intervenors take no position on appeal.

In 2002, New York joined the majority of states and enacted the Structured Settlement Protection Act (General Obligations Law, art 5, tit 17) in response to the growing number of factoring[1] companies using "aggressive advertising, plus the allure of quick and easy cash, to induce settlement recipients to cash out future payments, often at substantial discounts, depriving victims and their families of the long-term financial security their structured settlements were designed to provide" (Assembly Mem in Support, 2002 McKinney's Session Laws of NY, at 2036). Under this law, transfers such as the one at issue are prohibited unless approved by a court of competent jurisdiction based upon express findings, inter alia, that the transfer is in the best interest of the payee and that the discount rate, fees and expenses used to determine the net amount advanced are fair and reasonable (General Obligations Law § 5-1706).

Clearly, the purchase agreement under review would be prohibited under the current law, and it is questionable whether a petition to approve this transaction would pass judicial muster. Unfortunately, this is not the issue before us, and we are constrained by New York law as it existed at the time the purchase agreement was entered into to grant plaintiff summary judgment on the first cause of action for breach of contract.

Plaintiff met its burden of proof on summary judgment by

---

1. The practice in which a finance company such as plaintiff purchases a personal injury victim's future payments with sharply discounted cash advances (*see Matter of 321 Henderson Receivables L.P. v Martinez*, 11 Misc 3d 892 [Sup Ct, NY County 2006]).

establishing that the parties entered into a purchase agreement, that Melvin signed the agreement, that she received consideration, and that she defaulted under its terms.[2] Since the purchase agreement establishes the clear intention of the parties, it is enforceable (*see Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d 88, 91 [1991]; *see also George Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 219 [1978]). Melvin failed to raise any triable issue regarding the existence of a valid agreement or her default. Further, she did not in any way claim, let alone raise an issue of fact that the agreement was based on mistake or fraud as required by CPLR 3016 (b), or that the agreement was unconscionable or one of adhesion. Accordingly, the court should have granted plaintiff summary judgment on the breach of contract cause of action and injunctive relief to enforce the agreement.

Plaintiff's recovery for unjust enrichment is barred by the existence of a valid and enforceable written contract (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]; *Aviv Constr. v Antiquarium, Ltd.*, 259 AD2d 445 [1999]). Accordingly, the third cause of action should be dismissed. Similarly, plaintiff may not seek a declaratory judgment when other remedies are available, such as a breach of contract action (*see Artech Info. Sys. v Tee*, 280 AD2d 117, 125 [2001]; *Apple Records v Capitol Records*, 137 AD2d 50, 54 [1988]). Accordingly, the court properly dismissed the fifth cause of action.[3]

The matter is remanded for entry of an appropriate judgment, including a direction that intervenors make payment to plaintiff to the extent they have withheld any payments relating solely to the contract at issue (that is, 72 monthly payments of $1,250 owed to Melvin from April 1, 2002 to March 1, 2008 and one payment of $20,000 due January 1, 2006). Regarding the judgment amount, we note that in its decision the motion court awarded interest effective October 1, 1999 on the first cause of action. This appears to be a mistake, as the judgment states that summary judgment was awarded only on the third cause of action for unjust enrichment, and otherwise denied. Since we are dismissing the cause of action for unjust enrichment, the motion court's determination that interest should be calculated from the date plaintiff advanced Melvin the funds (i.e., October

---

**2.** We note that nowhere in the record is there any indication that plaintiff made a demand for payment in accordance with the terms of the purchase agreement.

**3.** As part of its "wherefore" clause, the complaint sought an accounting. Even if plaintiff had properly pleaded this as a cause of action, the requested relief has not been convincingly pursued on appeal. Similarly, plaintiff has not convincingly pursued the second cause of action for conversion.

1, 1999) is no longer applicable. Rather, we are granting plaintiff summary judgment on the breach of contract cause of action. Therefore, interest should be awarded, pursuant to the contract terms, from the date plaintiff should have received the first payment. That date is not defined anywhere in the record, thus raising an issue to be resolved by the Supreme Court, but the date may not be determined to be any earlier than April 1, 2002. Concur—Marlow, J.P., Williams, Gonzalez and Sweeny, JJ.