Ness Tech. S.A.R.L. v Pactera Tech. Intl. Ltd. (2019 NY Slip Op 05212)





Ness Tech. S.A.R.L. v Pactera Tech. Intl. Ltd.


2019 NY Slip Op 05212


Decided on June 27, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2019

Friedman, J.P., Gische, Kapnick, Singh, JJ.


9764 657241/17

[*1]Ness Technologies S.A.R.L., et al., Plaintiffs-Respondents,
v
Pactera Technology International Limited, Defendant-Appellant, HNA Group (International) Company Limited, et al., Defendants.


O'Melveny & Myers LLP, Los Angeles, CA (William K. Pao of the bar of the State of California, admitted pro hac vice, of counsel), for appellant.
Sheppard, Mullin, Richter & Hampton LLP, New York (Paul A. Werner of the bar of the State of Virginia and the District of Columbia, admitted pro hac vice, and Imad S. Martini of counsel), for respondents.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered May 22, 2018, which, to the extent appealed from, denied defendant Pactera Technology International Limited's (PACL) motion to dismiss plaintiffs' breach of contract and declaratory judgment causes of action, unanimously modified, on the law, to dismiss the declaratory judgment cause of action, and otherwise affirmed, without costs.
Assuming arguendo that section 10.02(b)(ii) of the Stock Purchase Agreement creates a condition precedent, once the Outside Date of October 27, 2017 had passed, plaintiff had terminated the agreement and defendant had not obtained approval from the Committee on Foreign Investment in the United States (CFIUS) for the purchase, neither specific performance nor an injunction would have remedied defendant's breach.
The complaint sufficiently articulated specific breaches of defendant's obligation to use its "reasonable best efforts," including delaying submission of its information to CFIUS so that its affiliate HNA Group could complete an unrelated transaction, and "knowingly providing false information inconsistent with publically-available filings and reports" (Van Valkenburgh, Nooger & Neville, Inc. v Hayden Publishing Company, Inc, 30 NY2d 34, 45-47 [1972] lv denied 409 US 875 [1972]); Morris v 702 E. Fifth St. HDFC, 46 AD3d 478, 479 [1st Dept 2007]).
However, since plaintiff has a legal remedy for breach of contract, its cause of action for declaratory judgment should have been dismissed (Cronos Group Ltd. v XComIP, LLC, 156 AD3d 54 [1st Dept 2017]; Singer Asset Fin. Co., LLC v Melvin, 33 AD3d 355, 358 [1st Dept 2006]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 27, 2019
CLERK