Benjamin Schaffer, Appellant,
against
The View at Dobbs, LLC, Respondent. 




Benjamin Schaffer, appellant pro se.
Andrew M. Romano, Esq., for respondent (no brief filed).

Appeal from a judgment of the City Court of White Plains, Westchester County (JoAnn Friia, J.), incorrectly marked as having been entered on May 4, 2016. The judgment, entered upon a June 20, 2016 oral decision of that court, after a nonjury trial, dismissed the action. The appeal was transferred to this court by decision and order on motion of the Appellate Division, Second Judicial Department, dated June 5, 2019.




ORDERED that, on the court's own motion, the notice of appeal from the June 20, 2016 oral decision is deemed a notice of appeal from the judgment incorrectly marked as having been entered on May 4, 2016 (see CPLR 5520 [c]); and it is further,
ORDERED that the judgment is affirmed, without costs.
In this action commenced in October 2014 to recover the sum of $8,122.40 based on a breach of a contract for architectural services and on an account stated, defendant's answer denied the complaint's allegations. At a nonjury trial, plaintiff, a licensed architect, testified that defendant owned a piece of property and plaintiff, acting as an architect-developer, had done some drawings on the property for various developers. When none of the developers proceeded with the project plaintiff had proposed, defendant's principals, Leslie Cohen and Doug Austrian, whom plaintiff had met in 2013, considered using plaintiff to draw up design drawings. In March 2014, there was an email exchange between plaintiff and one of defendant's principals [*2]wherein plaintiff wrote that, upon defendant's approval of design drawings, defendant was to pay him $10,000. One of the principals responded, "Ok you have a deal we would like preliminary as soon as possible." In April 2014, plaintiff presented "drawings" to the principals and requested the money. The principals gave plaintiff a $2,000 check. While there had been drawings prepared for previous developers, some changes had been made to them, including the number and sizes of the apartments that would be included in the proposed building. Plaintiff testified that he thereafter had spent about four hours making additional changes requested by the principals. By May of 2014, plaintiff had been informed that defendant was in negotiations to sell the property and was not going to proceed with the development. Consequently, plaintiff sought to recover the $8,000 balance due, plus $122.40 in reimbursable expenses. Leslie Cohen testified for defendant that the parties had never met again after the April 2014 meeting, no design drawings had ever been approved, the designs presented at trial by plaintiff were not good enough to get approval and the property had been sold in June 2014. Cohen did not hear from plaintiff again after the initial meeting. Following the trial, the City Court dismissed the action, finding that there had been no contract entered into.
Contrary to the City Court's finding, the emails exchanged between the parties created a valid contract (see Forcelli v Geico Corp., 109 AD3d 244 [2013]). Nevertheless, the record supports the determination of the City Court, based upon its assessment of the credibility of the witnesses and the proof adduced at trial, that plaintiff failed to establish his claim for breach of contract, quantum meruit or an account stated. The contract provisions, as provided for in the emails, directed that plaintiff was to be paid only upon defendant's approval of the design drawings. Plaintiff failed to establish any breach, in that there was no showing that defendant's principals had ever approved any design drawings or had unreasonably withheld approval (see 22 NY Jur 2d, Contracts § 336). Moreover, plaintiff never established that defendant had sold the property in bad faith specifically to avoid enforcement of the contract (cf. Rosenthal v Oakes, 41 AD3d 305 [2007]). In addition, there was no showing that plaintiff's designs would have been approved but for the sale of the property, especially given Cohen's testimony that he would not have approved the designs that plaintiff presented at trial.
Plaintiff's contention that he should recover under a quantum meruit theory was properly rejected, as the existence of a contract between the parties precluded his quantum meruit claim (see Aviv Constr., Inc. v Antiquarium, Ltd., 259 AD2d 445 [1999]).
Finally, plaintiff did not establish an account stated as "an account stated cannot be made the instrument to create liability where none exists" but assumes the existence of some indebtedness between the parties or an express agreement to treat the statement in question as an account stated (Gurney, Becker & Bourne, Inc. v Benderson Development Company, Inc., 47 NY2d 995, 996 [1979]; see also M. Paladino, Inc. v Luccchese & Son Contr. Corp., 247 AD2d 515 [1998]), which was not shown here.
Accordingly, the judgment is affirmed.
ADAMS, P.J., TOLBERT and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 11, 2019