Warwick St Partners LLC v Harris (2021 NY Slip Op 07093)





Warwick St Partners LLC v Harris


2021 NY Slip Op 07093


Decided on December 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 21, 2021

Before: Renwick, J.P., Oing, Singh, Scarpulla, Pitt, JJ. 


Index No. 29221/19E Appeal No. 14886 Case No. 2020-03394 

[*1]Warwick St Partners LLC, Plaintiff-Appellant,
v
Ingrid Harris et al., Defendants-Respondents.


Lehrman & Maseng, PLLC, Brooklyn (Michael A. Lehrman of counsel), for appellant.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered June 30, 2020, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for declaratory judgment against defendant 861E215, LLC (861) on its fourth and sixth causes of action, for judgment declaring void 861's deed for the subject premises, plaintiff's UCC-1 financing statement valid, and the UCC-3 termination void, and on its second cause of action, for specific performance against Harris, and granted 861's cross motion to dismiss those causes of action as moot, unanimously modified, on the law, to reinstate the fourth and sixth causes of action against 861, and otherwise affirmed, without costs.
Supreme Court dismissed the fourth and sixth causes of action as moot, based on its grant of default judgment against codefendant Harris on the breach of contract claim (see Singer Asset Fin. Co., LLC v Melvin, 33 AD3d 355, 358 [1st Dept 2006] [finding that the "plaintiff may not seek a declaratory judgment when other remedies are available, such as a breach of contract action"]). Plaintiff correctly argues that the breach of contract claim ran only to Harris, not to 861. The fourth and sixth causes of action should therefore be reinstated as to 861. Plaintiff does not raise any arguments as to the court's vacatur of 861's default in appearing in the action. 861 failed to demonstrate, as a matter of law, that it was a good faith purchaser for value (see Andy Assoc. v Bankers Trust Co., 49 NY2d 13, 17 [1979]; 2386 Creston Ave. Realty, LLC v M-P-M Mgt. Corp., 58 AD3d 158, 163 [ Dept 2008] ["the status of good faith purchaser for value cannot be maintained by a purchaser with either notice or knowledge of a prior interest or equity in the property, or one with knowledge of facts that would lead a reasonably prudent purchaser to make inquiries concerning such"]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 21, 2021