Knickerbocker Retail LLC v Bruckner Forever Young Social Adult Day Care Inc. (2022 NY Slip Op 02623)

Knickerbocker Retail LLC v Bruckner Forever Young Social Adult Day Care Inc.

2022 NY Slip Op 02623

Decided on April 21, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 21, 2022

Before: Renwick, J.P., Kapnick, Mazzarelli, Shulman, Pitt, JJ. 

Index No. 34731/20E Appeal No. 15759 Case No. 2021-04054 

[*1]Knickerbocker Retail LLC, Plaintiff-Appellant,
v
Bruckner Forever Young Social Adult Day Care Inc., et al., Defendants-Respondents.

Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Paul N. Gruber of counsel), for appellant.
Law Offices of Richard Batelman, Brooklyn (Maksim Leyvi of counsel), for respondents.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered October 8, 2021, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on the complaint and dismissing the affirmative defenses, unanimously reversed, on the law, without costs, the motion granted as to liability on the causes of action for a money judgment and a writ of ejectment and as to dismissing the affirmative defenses, and the action remanded for further proceedings to determine plaintiff's damages, and the appeal therefrom to the extent it denied the motion as to the claim for a declaratory judgment, unanimously dismissed, without costs, as academic.
Plaintiff is entitled to a money judgment and a writ of ejectment against defendant tenant, because paragraph 26 of the parties' lease agreement states that even if plaintiff as landlord were prevented from fulfilling its obligations under the lease as a result of certain circumstances beyond its control, the tenant's obligation to pay rent and additional rent would not be excused. The tenant does not deny that it ceased paying rent in or about March 2020 and that it received plaintiff's notice of termination of the lease (see 558 Seventh Ave. Corp. v Times Sq. Photo Inc., 194 AD3d 561, 562 [1st Dept 2021], appeal dismissed 37 NY3d 1040 [2021]).
Contrary to defendants' contention, the affirmative defense of frustration of purpose should be dismissed as inapplicable, because the purpose of the parties' 10-year lease agreement was not completely defeated (see Crown IT Servs., Inc. v Koval-Olsen, 11 AD3d 263, 265 [1st Dept 2004]). New York City Executive Order No. 100 of 2020 (NYC EEO 100), which, under § 17, directed adult congregate care facilities such as the tenant's to suspend operations during the pandemic, was temporary (see Center for Specialty Care, Inc. v CSC Acquisition I, LLC, 185 AD3d 34, 42 [1st Dept 2020]).
The affirmative defense of impossibility should be dismissed as inapplicable, because neither the subject matter of the contract nor the tenant's means of performance was destroyed so as to make performance objectively impossible (see Kel Kim Corp. v Central Mkts., 70 NY2d 900, 902 [1987]). The leased premises were not destroyed (see 558 Seventh Ave. Corp., 194 AD3d at 562). As defendants do not address any affirmative defense other than frustration of purpose and impossibility, all other defenses are deemed abandoned (McHale v Anthony, 41 AD3d 265, 266-267 [1st Dept 2007]), and they also should be dismissed.
Plaintiff established its entitlement to summary judgment as to liability on the cause of action for a money judgment under the guaranty by showing that Administrative Code of City of NY § 22-1005 (the guaranty law) does not apply to defendant guarantor. The guaranty law prohibits the enforcement of commercial lease guaranties against natural persons in certain circumstances. We find that, while the spirit of the law would appear to include the guarantor[*2], the letter of the law does not include him, because the circumstances in which the law is not enforceable do not include those addressed by NYC EEO 100. In view of the fact that NYC EEO 100 was issued approximately 10 days before the guaranty law was enacted, the City Council could have included NYC EEO 100 in the guaranty law if it had intended to include individual owners serving as guarantors who were required to close adult congregate care facilities (see B & F Bldg. Corp. v Liebig, 76 NY2d 689, 693 [1990]).
Defendants contend that the tenant was forced to close under executive order no. 202.7 issued by the governor, which is included in the guaranty law (Administrative Code 22-1005[1][c]). However, that order applied to "all barbershops, hair salons, tattoo or piercing parlors and related personal care services" (9 NYCRR 8.202.7), and does not include adult congregate care facilities.
As a money judgment under the guaranty affords plaintiff an adequate remedy, the claim for a declaration that the guarantee was enforceable is without a basis, and plaintiff's appeal from the denial of its motion as to that claim is academic (see Singer Asset Fin. Co., LLC v Melvin, 33 AD3d 355, 358 [1st Dept 2006]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 21, 2022