## Cloudfund, LLC v Clark Sharp & Reynolds LLC

2025 NY Slip Op 33426(U)

September 22, 2025

Supreme Court, Rockland County

Docket Number: Index No. 035664/2023

Judge: Hal B. Greenwald

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At the term of the Supreme Court of the State of New York, held in and for the County of Rockland, at 1 South Main Street, New City, NY 10956 on September 22, 2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-------------------------------------------------------------------x

CLOUDFUND, LLC,

Plaintiff

-*against*-

CLARK SHARP & REYNOLDS LLC D/B/A
COINSOURCE, DAVID S CLARK, TRAVIS T GOUGH,
and MARK E REYNOLDS,

Defendants
-------------------------------------------------------------------x

Greenwald, J.

Index No.: 035664/2023

DECISION AND ORDER
(Motion Sequence(s) 2)

The following NYSCEF Doc. Nos. 1-7, 40, 56-75 were considered by the Court in deciding Plaintiff's Notice of Motion:

RELEVANT BACKGROUND

Plaintiff commenced this commercial contract action on or about November 8, 2023. A default judgment was granted on or about May 2, 2024. Thereafter, by way of Order to Show Cause (D'Alessio, J.) dated May 20, 2024, that matter was preliminarily stayed. By Decision and Order (D'Alessio, J.) dated November 14, 2024, the default judgment was not vacated but permitted Defendants to submit a late answer. Plaintiff files the instant motion (Motion Sequence 2) pursuant to CPLR 3211(b), to dismiss the Defendants' affirmative defenses and pursuant to CPLR 3211 (a)(1), and (7), dismissing the Defendants' counterclaims. Plaintiff contends that Defendants' Answer is devoid of facts in support of its claims and documentary evidence contradicts the legal conclusions made by Defendants.

Defendants raised thirty-three (33) affirmative defenses, and two (2) counterclaims in its Answer, alleging inter alia, that Plaintiff failed to state a cause of action, that the contract is unconscionable and usurious, unjust enrichment, violation of breach of duty of good faith and fair dealing, laches, failure to mitigate damages, adhesion contract, bad faith, unclean hands and deceptive acts and practices, fraudulent inducement, and violations of GBL§ 349. Defendants oppose Plaintiff's motion, stating that it properly pled its affirmative defenses: usury,

[* 1]

unconscionable loan, unjust enrichment, breach of duty of good faith, contract of adhesion, unclean hands, bad faith, deceptive practices, fraudulent inducement, as well as its counterclaims of unjust enrichment and deceptive practices in violation of GBL §349.

## DISCUSSION

*Affirmative Defenses*

To determine whether a transaction constitutes a usurious loan: the court must examine whether the plaintiff is absolutely entitled to repayment under all circumstances. Unless a principal sum advanced is repayable absolutely, the transaction is not a loan. *See,* Principis Capital, LLC v I Do, Inc., 201 AD3d 752, 754 [2d Dept 2022].  A party raising a usury defense must satisfy a heavy burden. In New York, there is a presumption that a transaction is not usurious and claims of usury must be proven by clear and convincing evidence, a much higher standard than the usual preponderance. An agreement cannot be usurious unless it is a loan or forbearance of money. It must appear that the real purpose of the transaction was, on the one side, to lend money at usurious interest reserved in some form by the contract and, on the other side, to borrow upon the usurious terms dictated by the lender. Thus, when the terms of the agreement are in issue, and the evidence is conflicting, the lender is entitled to a presumption that he did not make a loan at a usurious rate. *See,* K9 Bytes, Inc. v Arch Capital Funding, LLC, 56 Misc 3d 807, 816 [Sup Ct 2017] and Pirs Capital, LLC v D & M Truck, Tire & Trailer Repair Inc., 69 Misc 3d 457, 460-61 [Sup Ct 2020], judgment entered sub nom. Pirs Capital, LLC v D&M Truck, Tire & Trailer Repair Inc. [N.Y. Sup Ct 2020].

Defendants have not demonstrated by clear and convincing evidence that the agreement at issue is a usurious loan.  The rudimentary element of usury is the existence of a loan or forbearance of money, and where there is no loan, there can be no usury, however unconscionable the contract may be. *See,* Crystal Springs Capital, Inc. v Big Thicket Coin, LLC, 220 AD3d 745, 746 [2d Dept 2023].  The facts herein do not mirror the facts of the cases Defendants cite, and Defendants fail to demonstrate with evidence that repayment of the agreement was absolute, or that reconciliation provision did not exist and that there was no recourse if bankruptcy was declared by the merchant. Id. at 746-47.  The plain language of the agreement refutes this contention, and Defendant fails to present more than conclusory allegations about reconciliation.  The reconciliation provision in the agreement states that it is the sole responsibility of Seller to initiate the reconciliation, and

2

[* 2]

Defendants fails to provide any proof to demonstrate its allegation that the provision is illusory.

Defendants also fail to demonstrate that the agreement was unconscionable. As a general proposition, unconscionability [is] a flexible doctrine with roots in equity. Generally, a contract will only be held to be unconscionable if it was both procedurally and substantively unconscionable when made. Examination of the procedural element of unconscionability requires [scrutiny] of the contract formation process and the alleged lack of meaningful choice. It requires some showing of an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party. The focus is on such matters as the size and commercial setting of the transaction ..., whether deceptive or high-pressured tactics were employed, the use of fine print in the contract, the experience and education of the party claiming unconscionability, and whether there was disparity in bargaining power. *See,* NCSPlus Inc. v WBR Mgt. Corp., 37 Misc 3d 227, 234 [Sup Ct 2012].

It is well settled that in determining the conscionability of a contract, no set weight is to be given any one factor; each case must be decided on its own facts. However, in general, it can be said that procedural and substantive unconscionability operate on a "sliding scale"; the more questionable the meaningfulness of choice, the less imbalance in a contract's terms should be tolerated and vice versa. State v Wolowitz, 96 AD2d 47, 68 [2d Dept 1983]. While Defendants allege that there were deceptive or high-pressured tactics employed, there is no evidence to support it. Thus, Defendants' arguments that the affirmative defenses of breach of duty of good-faith and fair dealing, adhesion contract, bad faith, unclean hands and deceptive acts and practices are properly pled, lack merit for the same reason. There is no evidence of the conduct alleged, just conjecture. Defendants allege that Defendants did not take affirmative steps to block debits or move revenue to breach the contract. However, Defendants do not refute that Plaintiff performed, and Defendants stopped remitting receivables to Plaintiff, thus breaching the agreement. Defendants allege that there was a fixed weekly amount but fail to provide evidence of any attempts to adjust or reconcile in accord with the receipts. Defendants allude to feeling pressured to resolve this matter but fail to specify or demonstrate with evidence the pressure tactics utilized by Defendants.

Where affirmative defenses merely plead conclusions of law without any supporting facts, the affirmative defenses should be dismissed pursuant to CPLR 3211(b). *See,* Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC, 78 AD3d 746, 750 [2d Dept 2010]. As such, Defendants

[* 3]

affirmative defenses of unconscionable and usurious loan, unjust enrichment, violation of breach of duty of good faith and fair dealing, laches, failure to mitigate damages, adhesion contract, bad faith, unclean hands and deceptive acts and practices, and fraudulent inducement are dismissed.

*Counterclaims*

To recover under a theory of unjust enrichment, a litigant must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered. *See,* Bedford-Carp Constr., Inc. v Brooklyn Union Gas Co., 219 AD3d 1293, 1295 [2d Dept 2023]. When the evidence demonstrates that the parties entered into a purchase agreement, that Defendant signed the agreement, that received consideration, and that Defendants defaulted under its terms, the agreement establishes the clear intention of the parties, it is enforceable. Plaintiff's recovery for unjust enrichment is barred by the existence of a valid and enforceable written contract. *See,* Singer Asset Fin. Co., LLC v Melvin, 33 AD3d 355, 357-58 [1st Dept 2006]. Defendants acknowledge that Singer Asset Fin. Co., LLC v Melvin, is applicable. Defendants allegation that the contract herein is invalid and unenforceable is erroneous and to that extent the contract suffices to bar the counterclaim of unjust enrichment.

This Court has recognized that General Business Law §§ 349 and 350 on their face apply to virtually all economic activity, and their application has been correspondingly broad. We have explained that, to state a claim under sections 349 or 350, a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct, that is (2) materially misleading, and that (3) the plaintiff suffered injury as a result of the allegedly deceptive act or practice. Thus, a plaintiff claiming the benefit of either section 349 or 350 "must charge conduct of the defendant that is consumer-oriented" or, in other words, "demonstrate that the acts or practices have a broader impact on consumers at large. Plavin v Group Health Inc., 35 NY3d 1, 9-10 [2020]. Defendants make conclusory allegations about the misrepresentation of Plaintiff. In the absence of proof to demonstrate that the weekly amount was arbitrary – Defendants would need to establish what the weekly receivables amount was when they entered the agreement. No proof of this kind has been submitted. The allegation that the reconciliation provision is illusory is also unsupported as there is no evidence that Defendants ever attempted reconciliation and were refused.

4

[* 4]

Index No.: 035664/2023

Defendants suggest that this case and agreement is identical to the kind in which the New York Attorney General has investigated and that Plaintiff is actively being pursued by the Attorney General for similar activity. Nonetheless Defendants have failed to establish that the Agreement herein is a usurious loan or unenforceable. There is no evidence to support the affirmative defenses and counterclaims presented by Defendants and to that extent, all are dismissed.

Accordingly, it is hereby,

ORDERED, that Plaintiff's Notice of Motion (Motion Sequence 2) to dismiss the affirmative defenses and counterclaims of Defendants is granted.

Any relief not specifically granted herein is denied.

The foregoing constitutes the decision and order of this Court.

Dated: September 22, 2025
New City, New York

ENTER:

_Hal B. Greenwald_
_____
Hon. Hal B. Greenwald, J.S.C.

CPLR Section 5513, an appeal as of right must be taken within thirty days after service by a party upon the appellant of a copy of the judgment or order appealed from and written notice of its entry, except that when the appellant has served a copy of the judgment or order and written notice of its entry, the appeal must be taken within thirty days thereof.

5