Matter of J.G. Wentworth Originations, LLC (M.L.) (2025 NY Slip Op 51915(U))

[*1]

Matter of J.G. Wentworth Originations, LLC (M.L.)

2025 NY Slip Op 51915(U)

Decided on December 2, 2025

Supreme Court, Broome County

Blaise, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 2, 2025
Supreme Court, Broome County

In the Matter of the Petition of J.G. Wentworth Originations, LLC, Petitioner, and M.L., Assigned Settlement, Inc. and Genworth Life Insurance Company of New York, Respondents, as Interested Persons pursuant to G.O.L. § 5-1701(f).

Index No. EFCA2025003029

COUNSEL FOR J.G. WENTWORTH ORIGINATIONS, LLC:
CHAIKIN PLLC
BY: IANIV CHAIKIN, ESQ.
445 BROADHOLLOW ROAD, SUITE 232
MELVILLE, NY 11747
M.L., SELF-REPRESENTED
ASSIGNED SETTLEMENT, INC. and GENWORTH LIFE INSURANCE COMPANY OF NEW YORK:
3100 ALBERT LANKFORD DRIVE
LYNCHBURG, VA 24501

Oliver N. Blaise, III, J.

This petition and the history of this payee in seeking court approval of sales of certain structured settlement payments is stunning.
As will be set forth in detail hereinbelow, this is at least the thirteenth petition seeking judicial approval of the proposed transfer of certain future payments due M.L. under a structured [*2]settlement agreement in exchange for the present payment of a discounted lump sum (General Obligations Law ["GOL"] § 5-1701 et seq.).
BACKGROUND
In March 2005, M.L. was the recipient of certain guaranteed payments under a structured settlement agreement for the wrongful death of a child as follows:
$1,524.39 monthly payments starting July 1, 2005 guaranteed for 360 payments (June 1, 2035) and life thereafter [SOLD THRU 2032];
$20,000 lump sum payment due on April 17, 2010 [SOLD];
$40,000 lump sum payment due on April 17, 2015 [SOLD];
$60,000 lump sum payment due on April 17, 2020 [SOLD];
$80,000 lump sum payment due on April 17, 2025 [SOLD $50,000];[FN1]
$100,000 lump sum payment due on April 17, 2030.
(NYSCEF Doc No. 6).
The court has inserted the term "SOLD" in the description above to signify the payments that M.L. has sold via prior applications. As best the court can ascertain, as a result of the prior transfers, the only payments remaining to be paid to M.L. are:
• $1,549 monthly payments (2033 guaranteed through 2035, and life thereafter)
• $100,000 lump sum payment due on April 17, 2030.
By way of this current petition, M.L. seeks to transfer $117,000 in future payments (156 monthly Life Contingent payments of $750.00 each (out of the $1,549 monthly payment), beginning on July 1, 2035, and ending on June 1, 2048) in exchange for a gross advance amount of $12,500 (NYSCEF Doc No. 4).
As noted above, it appears this is the thirteenth application. The timeline of the twelve prior applications is as follows:

# Date of Order

County/Index

Petitioner

Petitioner's Counsel

Disposition

#1
11-25-2005

Sullivan
2346-05

Settlement Fundingof New York LLC

Carro, Carro &Mitchell

Denied

#2
5-3-2006

Bronx
13114/06

Settlement Fundingof New York LLC

Carro, Carro & Mitchell

Granted

#3
3-20-2007

Sullivan
576-07

Settlement Fundingof New York LLC

Ian Chaikin

Granted

[*3]#4
10-15-2007

Broome
CA2007001927

321 HendersonReceivables Originations, LLC

Melvin & Melvin

Denied

#5
1-23-2008

Sullivan
4067/07

Settlement Fundingof New York LLC

Ian Chaikin

Granted

#6
3-30-2009

Sullivan
4689/08

Settlement Fundingof New York LLC

Ian Chaikin

Denied

#7
6-10-2009

Broome
CA2009001076

Settlement Funding of New York LLC

Ian Chaikin

Denied

#8
2-23-2010

Sullivan
336/10

Settlement Fundingof New York LLC

Segal McCambridge

Granted

#9 6-4-2011

Sullivan
0356/2011

Settlement Fundingof New York LLC

Segal McCambridge 

Denied

#10
2-28-2012

Broome
CA2012000071

Peachtree Settlement Funding LLC

Trevett Cristo

Denied

#11 [FN2]

5-7-2024

Broome
EFCA2024000926

JG Wentworth

Ian Chaikin

Withdrawn

#12 [FN3]

7-31-2024

Sullivan
E2024-762

JG Wentworth

Chaikin Trial Group

Denied

#13
pending

Broome
EFCA2025003029

JG Wentworth

Chaikin PLLC

Pending

The history and details of the petitions #1 through #10 were set forth in detail in the Decision and Order in Petition #10 of the Hon. Ferris D. Lebous dated February 28, 2012, in Broome Index No. CA2012000071, so the court need not restate the history here. While there was a gap in filings between 2012 to 2024, three petitions have been filed since May 2024.
The court will now review the current petition (Petition #13) in the context of this history.
DISCUSSION
General Obligations Law § 5-1701 et seq., also known as the "Structured Settlement Protection Act" or "SSPA", was enacted in 2002 due to the concern that structured settlement payees, such as M.L., are particularly prone to being victimized and quickly dissipating their assets and to protect them from the growing number of companies using "'[a]ggressive advertising, plus the allure of quick and easy cash, to induce settlement recipients to cash out future payments, often at substantial discounts, depriving victims and their families of the long-term financial security their structured settlements were designed to provide' [citation omitted]" (Singer Asset Fin. Co., LLC v Melvin, 33 AD3d 355 [1st Dept 2006]). This legislation "[d]iscourages such transfers by requiring would-be transferees to commence special proceedings for the purpose of seeking judicial approval of the transfer [citations omitted]" (Matter of Settlement Funding of NY, LLC [Cunningham], 195 Misc 2d 721, 722 [Rensselaer County 2003]). "The SSPA clearly reflects the Legislature's dissatisfaction with the structured settlement transfer market rates, and its conclusion that payees cannot protect their best interest and thus require judicial supervision" (Settlement Funding [Cunningham], 195 Misc 2d at 724).
Thus, this court's judicial function under the SSPA requires an evaluation of a variety of factors, but particularly: (1) whether the transaction is fair and reasonable; and (2) whether the transfer is in the best interest of the payee, taking into account the welfare and support of the payee's dependents, if any.
Initially, the court notes that there is one deficiency in the petition itself. GOL § 5-1705 (a) (i) requires that proceedings for the approval of transfers be commenced "in the supreme court of the county in which the payee resides". The petition states that "jurisdiction exists in the Court due to the residence of the payee, M.L., in Broome County, New York" (NYSCEF Doc No. 1, ¶ 10). In addition, the payee's affirmation represents she "is a resident of the State of New York, County of Broome" (NYSCEF Doc No. 3, ¶ 1). However, contrary to these representations, the request for judicial intervention lists an address for the payee that is the same address as petitioner's law firm at 445 Broadhollow Road, Suite 232, Melville, NY 11747, which is not located in Broome County. In fact, nowhere in the papers is petitioner's address provided, let alone one in Broome County. Based upon the foregoing, the court finds that petitioner has failed to establish jurisdiction is proper in Broome County. Notably, due to this failure, the court has no means by which to notify M.L. of this Decision and Order.[FN4]

Turning to the substance of the petition before the court, the payee seeks to transfer $117,000 in future payments (156 monthly payments of $750.00 each from July 1, 2035 and ending on June 1, 2028). In return, M.L. would receive a gross amount of $12,500, calculated by [*4]applying an annual discount rate of 15.64%. The court notes that similar rates have been deemed unreasonable despite petitioner's characterization of the rate as "extremely reasonable" (NYSCEF Doc No. 1, ¶ 3; Cunningham, 195 Misc 2d at 724 [15.46%]; Matter of Settlement Capital Corp., [Ballos], 1 Misc 3d 446 [15.591%]). In any event, the $12,500 gross advance amount proposed to be paid to M.L. represents approximately 10% of the future payments of $117,000 that M.L. would transfer to petitioner. The court finds payee's willingness to accept 10% of the future value as proof that the structured settlement legislation exists for a reason, namely to protect payees, such as M.L., from being victimized by the allure of quick cash. The fact that M.L. is willing to accept $12,500 now in exchange for giving up $117,000 in future payments demonstrates the need to protect the remaining portions of her settlement from the likes of the poor proposal tendered by petitioner. Needless to say, the court finds said transaction is not fair and reasonable.
The next consideration is whether the proposed transfer is in M.L.'s "best interest." M.L. avers that she is "[c]urrently receiving $1,100.00 monthly from social security and own[s] a small jewelry business making about $1,200.00 per month" (NYSCEF Doc No. 3, ¶ 10). There is absolutely no information and/or documentation provided regarding her small business, or any of her income and/or expenses, personal or business.
As for the proposed use of the funds in this transfer—if approved, M.L. states she plans to use the $12,500 to "purchase and install the electrical components into my recent school bus purchase as part of my mobile home renovation" (Id. at ¶ 11). More specifically, M.L. states:
"[t]he electrical conversion is one of the more costly components of the building process, but it will save me thousands of dollars in the future as rent prices continue to rise.
I plan to use $3,000.00 to purchase a battery bank needed to operate the home as well as the inverter and breaker system. These will be powered mainly from the solar panel grid I am purchasing that will cost about $2,500.00. Installation for the solar panel set up will cost about $1,750.00. The remaining $2,750 will be used to purchase appliances powered by the electric system (electric range and refrigerator) as well as a backup generator which can be used to power the home in case of emergencies or extreme temperatures. The remaining $2,500.00 will be used towards any unforeseen costs and emergency funds if necessary."
(Id.).
Over the course of the thirteen petitions submitted to the courts, M.L. has listed a variety of reasons for her "need" for cash including, but not limited to, $50,000 to open a hair salon (Petition #1); $58,000 for the purchase of a new home because her prior home was destroyed by fire (Petition #4); $5,000 to reduce recurring monthly debts (Petition # 6); $10,000 to pay off debts including outstanding credit cards, medical bills, and electric bills (Petition #7); $3,000 to pay back rent, car insurance and unpaid medical bills (Petition #9); for flood repair and cleaning to her property and clothes (Petition #10); to convert a school bus into an RV (Petition #11); and again to convert a school bus into a RV (Petition #12).
The court finds the payee's pattern of multiple petitions to different courts over the course of the last twenty years provides sufficient basis to question the legitimacy of the payee's need for cash given the ever-changing reasons therefore. In any event, there is no documentation as to whether the payee even owns a school bus - considering her two petitions in 2024 seeking funds to purchase it were either withdrawn (Petition #11) or denied (Petition #12). Nor is there any proof substantiating the costs therefore. Notably, there is no mention of the April 2025 payment [*5]of $30,000 that the payee should have recently received and how that money was spent.
Taken together, the court finds that giving up the right to $117,000 in future payments in exchange for a payment today of $12,500 is not in M.L.'s best interest (Whitney v LM Prop. & Cas. Ins. Co., 32 Misc 3d 1212(A) [2011]).
CONCLUSION
Based on the foregoing, the court finds that petitioner has failed to demonstrate to the court's satisfaction that the transaction is fair and reasonable and that the transfer is in M.L.'s best interest (GOL § 5-1706 [b]). Consequently, the Petition is DENIED.
Moreover, the court orders that a copy of this Decision & Order shall be annexed to any future petitions brought by or on behalf of M.L. in this or any other County. Finally, petitioner is ordered to mail a copy of this Decision and Order directly to the payee, and to efile an affirmation of mailing which specifies payee's mailing address. Future petitions should include the payee's address in the county of filing.
Dated: December 2, 2025
Binghamton, New York
Hon. Oliver N. Blaise, III
Justice, Supreme Court

Footnotes

Footnote 1:The remaining $30,000 lump sum due on April 17, 2025, was presumably paid seven months ago. Neither petitioner or payee make any mention of her receipt, and use of, those funds.

Footnote 2:This petition was not disclosed in the current papers.

Footnote 3:A second petition was filed at about the same time in Sullivan County but never assigned an index number.

Footnote 4:As will be set forth below, the court will, and has hereinbelow, directed petitioner's counsel to mail a copy of this Decision and Order to M.L. and to file an affidavit of mailing listing the actual residence and mailing address used for the payee.